JOSEPH TRAVERS vs. THE TRAVELERS INSURANCE COMPANY.

Suffolk.  February 5, 1982. — April 15, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Insurance*, Notice, *Pleading, Civil*, General denial.

In an action to recover under an insurance policy, the issue of the plaintiff's failure to comply with the notice of loss provisions of the policy was not properly raised by an unamplified, general denial of the plaintiff's allegation that the insurer had been duly notified of the loss. [811-812]

CIVIL ACTION commenced in the Brockton Division of the District Court Department on August 23, 1978.

The case was heard by *Shea, J.*

*Charles E. Berg* for the plaintiff.

*Paul Fulton* for the defendant.

WILKINS, J. We hold that the issue of the plaintiff's failure to comply with the notice of loss provisions of an insurance policy is not properly raised by an unamplified, general denial of the plaintiff's allegation that the insurer was duly notified of the loss. Rule 9 (c) of Mass. R. Civ. P., 365 Mass. 751 (1974), provides that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." Thus, when an insured alleges due notice of the loss to the insurer, he has fulfilled his obligation of pleading compliance with the notice provisions of the policy. A general denial of that allegation, unaccompanied by any identification of a reason or reasons for the asserted inadequacy of the notice, fails to meet rule 9 (c)'s requirement of a specific and particularized denial. That has been the result under the

similar rule of the Federal Rules of Civil Procedure.[1]  See *Ginsburg* v. *Insurance Co. of N. America*, 427 F.2d 1318, 1321-1322 (6th Cir. 1970); *Lumbermens Mut. Ins. Co.* v. *Bowman*, 313 F.2d 381, 387 (10th Cir. 1963); 5 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1304, at 432 (1969).  See also J.W. Smith & H.B. Zobel, Rules Practice § 9.7 (1974) ("If the defendant does contest compliance with conditions precedent, he must pinpoint the particular condition or conditions which he claims are unsatisfied; he may not raise the issue by a general denial").

The plaintiff sustained an injury to his right hand, and his thumb and three fingers were amputated.  The plaintiff's employer had a group insurance policy issued by the defendant. That policy provided payment of a specific sum ($3,750) for loss of a hand.  The policy required written proof of loss within ninety days of the loss.  The District Court judge found that the defendant was not notified of the loss until approximately six months after the injury, but there was no evidence of prejudice to the insurer by reason of the delay. The judge ruled that the injury sustained by the plaintiff was the loss of a hand within the terms of the policy, but found for the defendant insurer, apparently on the ground that the plaintiff had failed to give the insurer timely notice of the loss.

On report to the Appellate Division, the insurer again prevailed and the report was dismissed.  The report presented the question whether the defendant's answer sufficiently raised the adequacy of notice.  For the reasons stated in this opinion, we hold that the question of due notice to the insurer was not properly before the trial judge.  The order of the Appellate Division dismissing the report is thus reversed, the finding for the defendant is vacated, and judgment is to be entered in the District Court for the plaintiff.

*So ordered.*

---

[1] We look to the interpretation of such a parallel rule in the absence of any significant difference in language or other compelling reason.  See *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975).