ALGIS J. VASYS vs. METROPOLITAN DISTRICT COMMISSION.

Suffolk. April 9, 1982. — August 3, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Massachusetts Tort Claims Act. Notice. Commonwealth*, Liability for tort. *Pleading, Civil*, Presentment of claim under Massachusetts Tort Claims Act. *Jurisdiction*, Claims against Commonwealth.

An action brought pursuant to G. L. c. 258, the Massachusetts Tort Claims Act, cannot properly be dismissed for lack of subject matter jurisdiction solely because the plaintiff failed to comply with the requirement of G. L. c. 258, § 4, that the claim be presented to the appropriate "executive officer" as a prerequisite to commencing the action. [55]

Where the plaintiff in an action under G. L. c. 258, the Massachusetts Tort Claims Act, failed to aver in his complaint that he had complied with the requirement of c. 258, § 4, that the claim be presented to the appropriate "executive officer" as a prerequisite to commencing the action, the defendant would be under no obligation to raise the issue of presentment in its answer, but might properly raise it at any time before or during trial [55-57]; however, in the unusual circumstances of an action in which notice of the claim had been given prior to the enactment of c. 258, this court held that the defendant was barred from raising the issue of defective presentment [57].

CIVIL ACTION commenced in the Superior Court Department on September 26, 1978.

The case was heard by *Urbano, J.*, on a motion for summary judgment.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Gerald N. Cohen* for the plaintiff.

*Roberta Thomas Brown*, Assistant Attorney General, for the defendant.

LYNCH, J. Algis J. Vasys appealed from the summary judgment entered against him, and in favor of the Metro-

politan District Commission (MDC). We transferred the case to this court on our own initiative. In this appeal, we again consider the requirement of presentment of a claim under § 4 of G. L. c. 258 (Massachusetts Tort Claims Act).[1] See *Weaver* v. *Commonwealth, ante* 43 (1982); *Pruner* v. *Clerk of the Superior Court in the County of Norfolk,* 382 Mass. 309, 316 (1981). We conclude that the failure to make a proper presentment does not deprive a court of jurisdiction over the subject matter of a complaint brought under G. L. c. 258, but that presentment is a condition precedent to bringing suit. See Mass. R. Civ. P. 9 (c), 365 Mass. 751 (1974). In order to test the efficacy of an attempted presentment, a plaintiff therefore may aver generally that all statutory conditions precedent to recovery have been met; the defendant must deny the plaintiff's averment "specifically and with particularity" (Mass. R. Civ. P. 9 [c]), or defective presentment is not an issue in the case. *Travers* v. *Travelers Ins. Co.,* 385 Mass. 811 (1982). *Ginsburg* v. *Insurance Co. of N. America,* 427 F.2d 1318, 1322 (6th Cir. 1970). To avoid injustice, we reverse the judgment against the plaintiff and remand the case to the Superior Court for further proceedings.

1. We review briefly the undisputed facts considered by the judge of the Superior Court who granted the defendant's motion, and other facts apparent from the record, in the light most favorable to the plaintiff. *Community Nat'l Bank* v. *Dawes,* 369 Mass. 550 (1976). *Hub Assocs.* v. *Goode,* 357 Mass. 449, 451 (1970).

On December 6, 1977, the plaintiff was injured at a skating rink controlled by the MDC as a result of the negligence of the MDC's agents or servants. Notice of the plaintiff's claim for damages was posted on December 30, 1977, at the

---

[1] General Laws c. 258, § 4, as appearing in St. 1978, c. 512, § 15, reads in pertinent part: "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer *within two years after the date upon which the cause of action arose* . . ." (emphasis supplied). St. 1978, c. 512, § 15.

skating rink where the accident occurred, and a copy of the notice was mailed to the defendant and received on January 3, 1978. The plaintiff filed his complaint, which did not contain any allegation of presentment, on September 26, 1978. In its answer, filed a few weeks later, the MDC denied most of the plaintiff's factual allegations and alleged, without further explanation, that the complaint failed to state a cause of action upon which relief could be granted. See Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). The answer made no mention of notice.

On July 19, 1979, the plaintiff propounded interrogatories to the defendant asking, among other things, whether the defendant had received written notice of the plaintiff's claim and, if so, whether that notice was defective. Eventually, on January 14, 1980, the defendant filed its answers, in which it stated that it had received notice and that the notice was "[n]ot defective."[2] Not until January 30, 1981, well after the expiration of the period during which presentment properly could have been made, did the defendant raise the issue of defective presentment. On that date, the defendant filed a "Motion to Dismiss and/or for Summary Judgment," asserting, among other things, that the plaintiff had failed to comply with G. L. c. 258, § 4, "in that he [had] not first presented his claim in writing to the executive officer of the appropriate public employer." It is undisputed that the Secretary of the Executive Office of Environmental Affairs of the Commonwealth is the "executive officer" to whom written notice of claims against the MDC brought under c. 258 should be presented. See G. L. c. 258, § 1; G. L. c. 21A, § 7. The judge who decided the

---

[2] When the defendant failed to answer the plaintiff's interrogatories within the time required by Mass. R. Civ. P. 33 (a), as amended, 368 Mass. 906 (1976), the plaintiff moved for a judgment against the defendant granting him the relief requested in his complaint. Two days later, the plaintiff apparently filed a second motion, requesting relief under Mass. R. Civ. P. 37, 365 Mass. 797 (1974). See Mass. R. Civ. P. 33 (a). The parties indicated at oral argument that the defendant later sought and obtained the plaintiff's agreement to extensions of time for filing the answers, although nothing appears on the docket to that effect.

defendant's motion held that compliance with the present-ment requirement of G. L. c. 258, § 4, is a jurisdictional prerequisite to bringing suit under the statute. Since the plaintiff had not complied, the judge held that his suit was barred, and ordered judgment for the defendant.

2. General Laws c. 258 is modeled closely on the Federal Tort Claims Act, 28 U.S.C. §§ 1346 (b), 2671 et seq. (1976). Glannon, Governmental Tort Liability under the Massa-chusetts Tort Claims Act of 1978, 66 Mass. L. Rev. 7, 9 (1981). The Federal act requires, as does c. 258, that a plaintiff file an administrative claim prior to bringing suit. 28 U.S.C. § 2675 (1976). This Federal requirement has been held to be a jurisdictional prerequisite to bringing suit, which cannot be waived by the defendants. *Caidin* v. *United States*, 564 F.2d 284, 286 (9th Cir. 1977), and cases cited. When the Legislature, in enacting a statute, adopts the language of a Federal statute, we will ordinarily con-strue the Massachusetts statute in accordance with the con-struction given the cognate Federal statute by the Federal courts. *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 611 (1980). We do not follow the Federal precedent, however, when the Federal result is dictated by some prin-ciple of Federal law not found in the law of Massachusetts.

The jurisdictional character of the Federal Tort Claims Act's requirement of presentment of claims is based on the rule that no suit can be maintained against the Federal gov-ernment without the express permission of Congress. See *Carr* v. *United States*, 98 U.S. 433, 437 (1878); *The Davis*, 77 U.S. (10 Wall.) 15, 19 (1869). That rule has no counter-part in current Massachusetts law. This court has rejected the contention that the Commonwealth may be made sub-ject to suit only with the consent of the Legislature. *Morash & Sons* v. *Commonwealth*, 363 Mass. 612, 615 (1973). Since the underpinning of *Caidin* v. *United States, supra*, and similar cases, is absent from our jurisprudence, we decline to follow those Federal precedents in interpreting § 4 of the Massachusetts Tort Claims Act.[3]

---

[3] We are aware, of course, of the long line of cases holding, in an analogous situation, that the requirement of notice contained in a statute

We hold that a complaint brought under G. L. c. 258, § 4, cannot properly be dismissed for lack of subject matter jurisdiction solely because the plaintiff failed to comply with the presentment requirement of § 4 of that chapter. Our conclusion is based on modern views on the doctrine of sovereign immunity (see *Morash & Sons* v. *Commonwealth, supra* at 618-619), the broad purpose of the statute to provide an effective remedy for persons injured as a result of the negligence of governmental entities in the Commonwealth, and specific language used by the Legislature in enacting c. 258, pursuant to which we construe that chapter "liberally for the accomplishment of the purposes thereof." St. 1978, c. 512, § 18.

· 3. Presentment is, however, a statutory condition precedent to recovery under G. L. c. 258.[4] When a proper presentment has been made, a plaintiff's failure to include, in his complaint, an allegation that all conditions precedent have been performed, will have no effect on the outcome of the case. Such a failure may very well affect the outcome, however, when the plaintiff has not complied with G. L. c. 258, § 4. If the complaint contains no general averment of performance of conditions precedent, the defendant is under no obligation to deny the nonexistent averment "specifically and with particularity," Mass. R. Civ. P. 9 (c), but may raise the issue at any time before or during trial. *Royal*

---

which permits suits against municipalities for injuries caused by defects in public ways (G. L. c. 84) cannot be waived by officers of a municipality. See, e.g., *Souza* v. *Torphy*, 336 Mass. 584, 586 (1958); *Brown* v. *Winthrop*, 275 Mass. 43, 47 (1931); *Shea* v. *Lowell*, 132 Mass. 187, 189 (1882); *Gay* v. *Cambridge*, 128 Mass. 387, 388 (1880). As an analysis of these and similar decisions reveals, however, they are based on the assumption that there can be no suit against a governmental entity in Massachusetts without the permission of the Legislature, an assumption this court recently has rejected. *Morash & Sons* v. *Commonwealth*, 363 Mass. 612, 615 (1973).

[4] Rule 9 (c) of the Massachusetts Rules of Civil Procedure, 365 Mass. 751 (1974), like the cognate Federal rule, governs pleadings involving statutory as well as contractual conditions precedent. See *Weir* v. *United States*, 310 F.2d 149, 155 (8th Cir. 1962); *Equal Employment Opportunity Comm'n* v. *Mobil Oil Corp.*, 362 F. Supp. 786, 788 (W.D. Mo. 1973).

*McBee Corp.* v. *Bryant*, 217 A.2d 603, 607 (D.C. App. 1966). In cases in which the issue is not raised until the time has elapsed during which presentment properly could have been made, the plaintiff's complaint is subject to dismissal on a motion made under Mass. R. Civ. P. 12 (b) (6), for failure to state a claim upon which relief can be granted. A plaintiff who wishes to make certain that he has complied fully with the requirements of G. L. c. 258, § 4, should therefore allege that he has performed all conditions precedent to recovery under the statute. If there is some question concerning proper presentment, and the plaintiff's complaint is filed well within § 4's two-year statute of limitations, the defendant's answer will so inform the plaintiff in time for any defective presentment to be cured. If, on the other hand, the defendant fails to deny the averment of performance specifically and with particularity, it will be barred from raising the issue at a later date. *Travers* v. *Travelers Ins. Co.*, 385 Mass. 811 (1982). *Ginsburg* v. *Insurance Co. of N. America*, 427 F.2d 1318, 1322 (6th Cir. 1970). See *Equal Employment Opportunity Comm'n* v. *Continental Oil Co.*, 393 F. Supp. 167, 171 (D. Colo. 1975), aff'd, 548 F.2d 884 (10th Cir. 1977).

If the plaintiff in the instant case had alleged generally the performance of all conditions precedent to the maintenance of his suit under G. L. c. 258, the case would not be before us in its present form. Either the defendant would have raised the issue of defective presentment in its answer (and the plaintiff would have cured the defect) or the defendant would be barred from doing so.[5] The plaintiff, of course, did not have the benefit of this opinion when he attempted aggressively to give notice of his claim to the proper

---

[5] A bare allegation, in a responsive pleading, that the complaint fails to state a claim upon which relief can be granted (as was made by the defendant in its answer) would not be sufficient to preserve a claim of defective presentment under G. L. c. 258, § 4. The rules require that such an allegation "include a short, concise statement of the grounds on which such defense is based." Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974). The defendant's answer in the instant case contained no such statement.

parties. We note also that G. L. c. 258 had not been enacted when the plaintiff attempted to give notice; further, the defendant's actions may have had the effect of lulling the plaintiff into believing that presentment would not be an issue in the case.

We are instructed by the Legislature to construe the provisions of c. 258 "liberally for the accomplishment of the purposes thereof." St. 1978, c. 512, § 18. One of the major purposes of c. 258 clearly is to allow plaintiffs with valid causes of action to recover in negligence against governmental entities in Massachusetts. A second, and equally important, purpose is to preserve the stability and effectiveness of government by providing a mechanism which will result in payment of only those claims against governmental entities which are valid, in amounts which are reasonable and not inflated. The presentment requirement of § 4 is intended to further this second purpose. See *Weaver* v. *Commonwealth, supra* at 47-48. "An appropriate balance should be struck between the public interest in fairness to injured persons and in promoting effective government." *Whitney* v. *Worcester,* 373 Mass. 208, 216 (1977).

In the unusual circumstances of this case, we believe that balance is best struck by our holding that the defendant here is barred from raising the issue of defective presentment, and we so hold. Certainly, fairness to the plaintiff requires this result. It is apparent also that the effectiveness of the mechanism created by c. 258 for resolution of claims against governmental entities in the Commonwealth will not be impaired by our holding in this isolated case, nor will the defendant be prejudiced by the absence of presentment.[6]

---

[6] For reasons discussed in *Weaver* v. *Commonwealth, supra* at 49, we do *not* hold that a governmental entity must prove that it has been prejudiced by a defective presentment in order to obtain a dismissal of a plaintiff's complaint or other disposition of the plaintiff's case before trial, if the issue of defective presentment is raised in an appropriate manner.

We therefore reverse the judgment against the plaintiff and remand the case to the Superior Court for further proceedings in accordance with this opinion.

*So ordered.*