Max R. KARGMAN and William M. KARGMAN d/b/a/ TREMONT DEVELOPMENT COMPANY, and George SHAPIRO and Sidney SHAPIRO d/b/a BOSTON COMMON COMPANY

vs.

### CITY OF BOSTON BOSTON WATER AND SEWER COMMISSION

No. 34180

Superior Court/Suffolk, ss.
Commonwealth of Massachusetts

December 23, 1982

Bruce G. Daniels, counsel for plaintiff. Theodore R. Stanley and Dana Hanson, counsels for the defendant.

### MEMORANDUM AND ORDER ON THE MOTION OF THE DEFENDANT BOSTON WATER AND SEWER COMMISSION FOR JUDGMENT ON THE PLEADINGS

This motion for judgment on the pleadings presents three legal questions for decision, viz, is the Boston Water and Sewer Commission (BWSC) a public employer afforded the protections of G.L. c. 258?, and, if so, have the technical steps of prior presentment set forth in that act been followed?, or may they be excused? While only the first of these questions is technically ripe for judgment on the pleadings, the representations of counsel, if treated as

pleaded, fill any lacunae and allow the matter to be addressed.

On March 15, 1979, the plaintiffs filed a complaint alleging damage to their building from flooding on or about July 25, 1978, as a result of the City of Boston's negligent construction, operation and maintenance of its water supply which, it is alleged, is supplied to the community for consideration. In April, 1979 the plaintiffs amended their complaint adding BWSC as a defendant under the same allegations of negligent conduct.

The defendant BWSC answered on July 30, 1979, essentially denying plaintiff's allegations but admitting that "the BWSC is a body politic and corporate and a political subdivision of the Commonwealth created by chapter 436 of the 1977 Acts of the General Court." The "Fourth Defense" — that plaintiffs fail to state a claim upon which relief can be granted against the BWSC—is the basis of this motion.

Section 2 of G.L. c. 258 defines the scope of liability of public employers and exclusivity of remedy as follows:

Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances, except that public employers shall not be liable to levy or execution on any real and personal property to satisfy judgment, and shall not be liable for interest prior to judgment or of punitive damages or for any amount in excess of one hundred thousand dollars. The remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer or, the public

employee or his estate whose negligent or wrongful act or omission gave rise to such claim, and no such public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment, ...

Section 1 broadly defines "public employer" but excludes from that definition ". . . the Massachusetts Bay Transportation Authority, the Massachusetts Port Authority, the Massachusetts Turnpike Authority, **or any other independent body politic and corporate.**" G.L. c. 258, sec. 1 (emphasis supplied). Since the plaintiff has alleged and defendant has admitted that the BWSC is a "body politic and corporate", it may appear at first blush that on the face of the pleadings BWSC is excluded from this act and judgment on the pleadings must be denied if there is a basis for this action at common law.

The phrase in G.L. c. 258, sec. 1 excluding "any other independent body politic and corporate" has not been interpreted by the Supreme Judicial Court or the Appeals Court. BWSC notes however, that each of the entities expressly exempted is subject to statutory liability that predates chapter 258 and the leading cases in which the Supreme Judicial Court urged the legislature to adopt such an act. See, **Morash & Sons v. Commonwealth,** 363 Mass. 612 (1973); **Whitney v. City of Worcester,** 373 Mass. 223 (1977). From this BWSC concludes, ". . . the Tort Claims Act did not address or alter government entities against which liability already had been statutorily imposed . . . The Act consequently does not affect government liability that is based on a specific statute rather than a judicially created exception to the immunity doctrine", citing **Gallant v. Worcester,** Mass. Adv. Sh. (1981) 1310, 1314, 1317 (G.L. c. 258 sec. 2 "puts

government entities on the same footing as private tort feasors"). BWSC then argues that, absent such express statutory liability, or at least some clear statutory manifestation that the entity is to be subjected to tort liability, a governmental entity should be construed to come with the Act.[1] This court concurs. To hold otherwise is to go back into common law and again get bogged down in the involuted doctrines of immunity which the Supreme Judicial Court has branded as "logically indefensible" in **Morash & Sons v. Commonwealth,** 363 Mass. 612 (1973).

The legislature has instructed the courts to construe the provisions of c. 258 "liberally for the accomplishment of the purposes thereof." St. 1978 c. 512, sec. 18. **Vasys v. Metropolitan Comm'n.** 387 Mass. at 57 (1982). It is noteworthy, also, that G.L. c. 258, as it was adopted by the legislature, closely followed the parameters for immunity suggested by the Supreme Judicial Court in **Whitney v. City of Worcester,** 373 Mass. 223 (1977).[2] This suggests that the old doctrines were put to rest for cases arising after **Whitney.** It follows that the source of liability for an independent governmental entity which is outside the reach of G.L. c. 258, will be statutory and the legislature's intent to create some other basis for liability will be clearly manifested.

Review of the "powers" section of the Boston Water and Sewer Reorganization Act, St. 1977, c. 436, does not reveal any clear statutory manifestation that the BWSC is to be held independently liable for its torts. That section provides, in relevant part, that,

> (t)he commission shall have power to hold property, to sue and be sued and to prosecute and defend all actions relating to its property and affairs. The commission shall be liable for its debts and obligations, but the property of the commission other than revenues pledged to the payment of bonds shall not be subject to attachment nor levied

upon by execution or otherwise. Process may be served upon the executive director of the commission or, in the absence of the director, upon any member of the commission.

This clause providing that the commission may sue and be sued should not be held as a waiver of the immunity doctrine. Rather, such clauses authorize only those lawsuits that are necessary to carry out the business and functions of the instrumentality. See, **e.g., Nelson v. Maine Turnpike Authority,** 157 Me. 174 (1961); Annotation 62 A.L.R. 2d, 1222, 1232 (1958).

The result reached here is further buttressed by the fact that the statutes which governed the Boston water and sewer services prior to reorganization contain provisions for liability only in the case of land-taking. See e.g. G.L. c. 92 sec. 18.

For these reasons it is appropriate to conclude that BWSC is not an independent "body politic and corporate" as the legislature intended to use that phrase in G.L. c. 258 sec. 1 and thus may be sued only in accordance with the provisions of the Massachusetts Tort Claims Act.

In **Vasys v. Metropolitan District Commission,** 387 Mass. 51 (1982), the Supreme Judicial Court ruled that the presentment procedures of c. 258, sec. 4, are a condition precedent to recovery under G.L. c. 258. The court also spelled out the proper pleading procedures with

---

[1] As authority for this proposition, BWSC cites **Clark v. Metropolitan District Commission,** Mass. App. Ct. (1981) Adv. Sh. 521, (overruled on other grounds) **Green v. Commonwealth,** 13 Mass. App. Ct. 524 (1982). In **Clarke,** however, the parties agreed that the plaintiff's death occurred before the effective date of the Massachusetts Tort Claims Act, so that it did not apply. Since applicability the statute was not in issue, the case is not authority here. Cf. **Vasys v. Metropolitan District Commission,** 387 Mass. 51 (1982), where the court treated the M.D.C. as an entity governed by G.L. c. 258.

[2] For example, immunity survives as to injuries which occur as a result of discretionary decisions by state or municipal employees.

which the plaintiff had failed to comply, but under the unusual circumstances of that case, held that the defendant was barred from raising the issue of defective presentment. **Id.** at 57. At the hearing of this motion the plaintiff's counsel admitted that his clients have not complied with the pleading procedures spelled out in **Vasys** but contends that circumstances similar to those warranting excusing the failure — and the fact that they did not have the benefit of the **Vasys** opinion—should similarly bar BWSC from raising the alleged defect here.

The pleading requirements are as follows:

> When a proper presentment had been made, a plaintiff's failure to include, in his complaint, an allegation that all conditions precedent have been performed, will have no effect on the outcome of the case. Such a failure may well affect the outcome, however, when the plaintiff has not complied with G.L. c. 258, sec. 4. If the complaint contains no general averment of performance of conditions precedent, the defendant is under no obligation to deny the nonexistent averment "specifically and with particularity" Mass. R. Civ. P. 9(c), but may raise the issue at any time before or during trial. ...In cases in which the issue is not raised until the time has elapsed during which presentment properly could have been made, the plaintiff's complaint is subject to dismissal on a motion made under Mass. R. Civ. P. (12) (b) (6), for failure to state a claim upon which relief can be granted.

**Id.** at 55, 56. The essence of the **Vasys** decision is that the presentment requirement of sec. 4 is a statutory condition precedent as opposed to a jurisdictional requirement, as is the case with the Federal Torts Claims Act.

On December 6, 1977 the plaintiff in **Vasys** was injured at a skating rink controlled by the MDC as a result of the negligence of MDC's agents or service.[3] The plaintiff posted notice of its claim for damages on December 30, 1977 at the skating rink where the accident occurred and a copy of the notice was mailed to the defendant and received on January 3, 1978. The plaintiff filed its complaint containing no allegations of presentment on September 26, 1978. A few weeks later, the defendant answered, denying the factual allegations and alleged that plaintiff had failed to state a cause of action. In response to subsequent interrogatories by the plaintiff, the defendant stated that it had received notice and that is was not defective. On January 30, 1981, the defendant for the first time raised the issue of defective presentment well after expiration of the period for presentment.[4] Based upon the plaintiff's aggressive attempt to give notice of its claim to the proper parties, the defendant's responsive actions which had the effect of lulling the plaintiff into believing presentment would not be an issue, and the fact that the claim arose before passage of G.L. c. 258, the Court held that fairness required it to deny the motion to dismiss.

By contrast, in the instant case, the plaintiffs allege injury that occurred on July 25, 1978, shortly after passage of G.L. c. 258 St. 1978, c. 512. Moreover, even if the representations of the plaintiffs' counsel were taken to be incorporated into the amended complaint and every intendment made in their favor, there is absolutely no claim that any attempt was made to give notice of BWSC prior to filing suit. In fact, BWSC was

[3]Thus the action occurred before passage of G.L. c. 258 but shortly after August 16, 1977, the date after which G.L. c. 258 was to govern actions involving municipal liability. St. 1978, c. 512, sec. 1
[4]Suit may be brought on a G.L. c. 258 claim only after a six-month period has passed without response from the person to whom presentment must be made or the claim has been denied in writing. No notice of claim may be filed later than two years after the cause of action arose. G.L. c. 258 sec. 4.

added as a defendant after the original complaint was filed. This cannot be construed as constructive notice to the appropriate executive. See **Weaver v. Commonwealth,** 387 Mass. 43, 47 (1982).

It is clear that the presentment requirements are to be strictly applied, **Weaver, supra.** Giving full weight to all the representations of the plaintiffs' counsel and treating them as well pleaded to boot, this case as matter of law presents no such extraordinary circumstances as were present in **Vasys.** The BWSC motion for judgment on the pleadings is, therefore, granted.[5]

**William G. Young**
**Justice of the Superior Court**

---

[5]This ruling is based entirely on the statutory construction and presentment issues discussed above and not on any theory that negligent BWSC conduct cannot ever be addressed in a private lawsuit since the function discharged—and therefore the duty owed—runs to the public at large. See Dinsky v. Framingham, 386 Mass. 801, 804-810 (1982) (no private cause of action for building inspector's negligent inspection since duty owed to the public at large). At least one commentator has stated his disagreement with the result reached in **Dinsky.** "At its broadest, this defense would resurrect the public/commercial distinction of the common law and immunize many acts which were clearly intended to be within the scope of the Massachusetts Tort Claims Act." Glannon, "Governmental Tort Liability under the Massachusetts Tort Claims Act of 1978," 66 Mass. L. Rev. 7, 18 (1981). This court expresses no opinion concerning the applicability of the **Dinsky** decision to the cause of action involved here.