Gershengorn, J.
INTRODUCTION
This matter is before the Court on the defendants’ separate motions for partial summary judgment pursuant to Mass.R.Civ.P. 56. In the underlying action, plaintiff, Theresa Nardone (“Nardone”), alleges that Cambridge Hospital and two doctors are liable for injuries she sustained when the defendant doctors gave her a blood transfusion, in contravention of her instructions and in violation of her religious beliefs.
Defendant Cambridge Hospital moves for partial summary judgment on Counts I through VII of plaintiffs amended complaint; defendants Dr. Horst Filtzer and Dr. Elizabeth Pomfret move for summary judgment on Counts VII and VIII of plaintiffs amended complaint.
For the following reasons, the motions of Cambridge Hospital and of Dr. Filtzer and Dr. Pomfret are ALLOWED.
BACKGROUND
The pleadings and other materials submitted by the parties, and considered in the light most favorable to the plaintiff as the nonmoving party, reveal the following undisputed facts.
Cambridge Hospital is wholly owned by the city of Cambridge and is a municipal corporation and a public employer. The codefendants, Dr. Horst Filtzer and Dr. Elizabeth Pomfret, are employees of Cambridge Hospital.
Nardone is a member of the Jehovah’s Witness faith. On February 16, 1993, she presented herself at the Cambridge Hospital emergency room seeking medical treatment for severe epigastric pain. She was admitted to the hospital and underwent surgery, performed by Dr. Filtzer and Dr. Pomfret, for treatment of necrotizing pancreatitis. During the surgery and for some weeks thereafter, Nardone received blood transfusions. Blood transfusions are prohibited by the Jehovah’s Witness religion.
Prior to filing suit against Cambridge Hospital, Nardone did not comply with the presentment requirements of the Massachusetts Tort Claims Act, G.L.c. 258, §4.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. *281 Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). When the party moving for summary judgment does not have the burden of proof at trial, the burden of affirmatively demonstrating the absence of a triable issue may be met by either submitting affirmative evidence that negates an essential element of the nonmoving party’s case or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra, at 17.
I. Motion of the Defendant Cambridge Hospital for Partial Summary Judgment. A. Counts I, II and IV through VII (intentional torts)
Cambridge Hospital moves for partial summary judgment on Counts I, II and IV through VII of plaintiffs complaint on the grounds that, under the Massachusetts Tort Claims Act, G.L.c. 258, public employers remain immune from suits for intentional torts. See Mohr v. Commonwealth, 421 Mass. 147, 164 (1995) (Commonwealth, as public employer, is immune from suit arising from intentional tort); see also Spring v. Geriatric Authority of Holyoke, 394 Mass. 274 (1985).
Plaintiff opposes Cambridge Hospital’s motion for partial summary judgment on the intentional tort counts on legal grounds, arguing that G.L.c. 258’s immunity is not applicable to plaintiffs claims against the employer itself. See, e.g., Jancey v. School Committee of Everett, 421 Mass. 482 (1995) (holding G.L.c. 258 inapplicable to intentional tort claims against a public employer itself).
In Jancey, a school committee was sued — for setting a discriminatory pay scheme — not on a theory of respondeat superior, but rather on the grounds that the school committee itself violated the Massachusetts Equal Protection Act. Id. at 501. Unlike Jancey, the facts here do not indicate the Hospital itself, through its policies and procedures, acted in violation of plaintiffs rights. In fact, rather than violate patients’ rights, it is the policy of the Cambridge Hospital “to obtain the consents required by law and to respect the decision made by competent adult patients regarding their consent to medical treatment or procedures.” (Interrogatory No. 3.)
Viewed in the light most favorable to the plaintiff, the facts indicate only that Cambridge Hospital’s administrator or attorney authorized surgery based on a representation that the patient and/or her husband consented. This may make the hospital administrator negligent for failing to investigate the propriety of the alleged consent; it may make the administrator liable for his or her own actions in disregard of hospital policy. But it does not indicate that the Hospital itself committed intentional torts against the plaintiff.
Neither do the facts indicate that the Hospital ratified any intentionally wrongful conduct on the part of its employees so as to make it liable under agency law. Among the many factors which may be considered evidence of ratification are an employer’s failure to investigate and discipline an employee, and an employer’s failure to disavow an employee’s unauthorized action or to mitigate the harm. Pinshaw v. Metropolitan District Commission (Pinshaw II), 33 Mass.App.Ct. 733, 735 (1992). See also Pinshaw v. Metropolitan District Commission (Pinshaw I), 402 Mass. 687, 695-96 (1988). Plaintiff hangs its ratification argument on the thin reed of Cambridge Hospital’s failure to disavow its employees’ action.
Here, too, viewing the evidence in the light most favorable to the plaintiff, and drawing all reasonable inferences therefrom, the facts only indicate that Cambridge Hospital did not ‘disavow’ its employees’ actions because according to the Hospital the employees had in fact obtained consent.
“When a complaint sets out a detailed statement of facts on which the plaintiff relies . . . and those facts do not support any claim entitling the plaintiff to relief it is appropriate to allow a defendant’s motion for summary judgment because, in those circumstances, there can be no genuine issue of material fact.” Smith v. Commissioner of Mental Retardation, 409 Mass. 545, 547-48 (1991). As in Smith, the facts here do not support plaintiffs claims for relief on the intentional tort counts. Summary judgment is, therefore, ALLOWED.
B. Count III (Negligent Infliction of Emotional Distress)
Count III of plaintiffs amended complaint alleges negligent infliction of emotional distress against Cambridge Hospital. The Hospital moves for partial summaiy judgment on this count on the grounds that plaintiff failed to make presentment within two years, as required by G.L.c. 258, §4. See Spring v. Geriatric Authority of Holyoke, 394 Mass. 274 (1985); Vasys v. Metropolitan District Commission, 387 Mass. 51 (1982). Here, too, plaintiff opposes the motion on the grounds that she is not proceeding against the Hospital on a theory of respondeat superior liability, but claims the Hospital itself was negligent; thus, plaintiff need not comply with the presentment requirements of G.L.c. 258, §4.
Again viewing the evidence in the light most favorable to the plaintiff and drawing all reasonable inferences therefrom, the facts do not indicate any negligence attributable to the hospital itself. That a hospital administrator or attorney failed to investigate the propriety of plaintiffs purported consent for surgery may indicate negligence on the part of the administrator or attorney. It does not indicate negligence on the part of the hospital itself.
*282 Without negligence directly attributable to the hospital itself, plaintiffs claim for negligence is properly a claim of negligence imputed to the hospital on a theory of respondeat superior, see G.L.c. 258, §2, and plaintiff may not escape the presentment requirements of G.L.c. 258, §4. Where proper presentment is not made, the complaint is subject to dismissal. See Spring v. Geriatric Authority of Holyoke, 394 Mass. 274 (1985); Vasys v. Metropolitan District Commission, 387 Mass. 51 (1982). This is true even if the defendant has suffered no prejudice. See Spring v. Geriatric Authority of Holyoke, 394 Mass. 274 (1985); Weaver v. Commonwealth, 387 Mass. 43 (1982). As there is no dispute that the plaintiff failed to make proper presentment to Cambridge Hospital within two years, summary judgment is ALLOWED.
II. Motion of Defendants Doctors Filtzer and Pomfret for Partial Summary Judgment on Counts VII and VIII. A. Count VII (Invasion of Privacy)
The defendants, Dr. Filtzer and Dr. Pomfret, move for summary judgment on Count VII on the grounds that a claim of invasion of privacy concerns only the public dissemination of information, which is not at issue here, and that G.L.c. 214, §1B, which creates the cause of action for invasion of privacy, authorizes jurisdiction in this court only for equitable relief.
There is no indication that the dissemination of information is the only form of invasion of privacy for which redress may be sought. See 17A M.P.S., §42.9 (1997) (noting the four possible prongs of an invasion of privacy claim). Nor, given language in the statute granting the Superior Court jurisdiction “to award damages,” does it seem likely that equitable relief is the only relief available. See G.L.c. 214, §1B. However, it is unnecessary for the court to decide the precise scope of the cause of action. Inasmuch as the claim for invasion of privacy is a claim for invasion of the plaintiffs solitude, it addresses the same wrong as the assault and batteiy charge. The claim for intrusion upon the plaintiffs solitude is thus coextensive with, and duplicative of, the assault and battery charge against the doctors. For this reason, the doctors’ motion for summary judgment on Count VII, Invasion of Privacy, is ALLOWED.
B. Count VIII (MCRA)
The Massachusetts Civil Rights Act provides a state remedy for interference or attempts to interfere with the exercise or enjoyment of rights secured by the Constitution or laws of the United States or rights secured by the Constitution or laws of the Commonwealth by threats, intimidation, or coercion. G.L.c. 12, §11H. The doctors move for partial summary judgment on Count VIII on the grounds that, since the plaintiff was unconscious, plaintiff cannot have been threatened, intimidated or coerced as required by the statute.
The plaintiff counters by citing cases which indicate that threats, intimidation, or coercion directed toward a party with the intent to deprive a third party of civil rights can be redressed by the statute. Plaintiff contends that the doctors did, in fact, threaten, intimidate, or coerce her husband, and that such actions caused a violation of her constitutional rights.
Plaintiff is partially correct: threats, intimidation, or coercion directed at third parties (with the intent to deprive others of constitutional rights) can be remedied by MCRA. See Planned Parenthood League v. Blake, 417 Mass. 467, cert. denied, 513 U.S. 868 (1994); Redgrave v. Boston Symphony Orchestra, Inc., 399 Mass. 93 (1987). Nonetheless, the record before the court fails to reflect that plaintiff has sufficient evidence to support this claim.
While plaintiff alleges that “the doctors put pressure on plaintiffs family to give consent in place of plaintiffs earlier refusal” and that “the acts of all defendants, as described above, were attempts to threaten, intimidate, or coerce plaintiff, and did threaten, intimidate, or coerce plaintiff,” the complaint is not verified. Neither do plaintiffs deposition testimony, affidavits or answers to interrogatories set forth specific facts in support of her allegations.
Plaintiff also alleges that Dr. Filtzer and Dr. Pomfret had complete control over her body at all times, and that they ordered medications given to plaintiff, which paralyzed her. Plaintiff does not indicate that these actions were designed to intimidate, threaten or coerce a third party (her husband) into violating plaintiffs civil rights. Inasmuch as her allegation describes the medical care necessary for surgery, it cannot, without more, fairly be described as behavior which threatens, intimidates, or coerces. See Delaney v. Chief of Police of Wareham, 27 Mass.App.Ct. 398, 409 (1989) (“creation of fear to compel conduct”). See also Planned Parenthood League v. Blake, 417 Mass. 467, cert. denied, 513 U.S. 868 (1994); Redgrave v. Boston Symphony Orchestra, Inc., 399 Mass. 93 (1987).
An adverse party may not defeat a motion for summary judgment by resting merely on the allegations and denials of its pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Mass.R.Civ.P. 56(e). As plaintiff has failed to do so, the defendant’s motion for summary judgment must be ALLOWED.
ORDER
For the foregoing reasons, it is hereby ORDERED that:
(1) Cambridge Hospital’s motion for summaiyjudgment is ALLOWED as to Counts I, II, III, IV, V, VI, and VII of plaintiffs amended complaint.
(2) Dr. Filtzer and Dr. Pomfret’s motion for summary judgment is ALLOWED as to Counts VII and VIII of plaintiffs amended complaint.