Kern, Leila R., J.
Plaintiff Anthony Balducci brought this action against defendant Town of Lunen-burg alleging breach of contract, negligence, trespass, willful trespass to trees, and nuisance. Balducci claims that he and Lunenburg agreed to install a drainpipe on property owned by Balducci in order to alleviate flooding, but Lunenburg installed the drainpipe on the wrong parcel of land owned by Balducci. Lunenburg brings this Motion to Dismiss, arguing that the various counts should be dismissed due to the statute of limitations, a failure to comply with the presentment requirement of the Massachusetts Tort Claims Act (MTCA), and failure to state a claim upon which relief may be granted. For the reasons that follow, Lunenburg’s Motion to Dismiss is ALLOWED IN PART and DENIED IN PART.
STATEMENT OF FACTS
The facts of this case, as laid out in Balducci’s complaint, are as follows.
Balducci owns two properties which are adjacent to one another: 240 Summer Street and 244 Summer Street, Lunenburg, MA. On or about May 9, 2000, Balducci and Lunenburg entered into a written Memorandum of Agreement (MOA) for the repair and/or replacement of a drainpipe located on Balducci’s property. The MOA indicates that Balducci would pay one-half of the installation fees for the drainpipe. By the Permanent Drainage Easement Deed dated August 2, 2000, and recorded in the Worcester North District Registry of Deeds, Balducci granted to Lunenburg an easement for the installation, maintenance, and repair of the drainpipe and a catch basin.
In the summer of 2000, Lunenburg, through its agents, installed a new drainpipe on the property located at 244 Summer Street, instead of at 240 Summer Street, the parcel on which Balducci alleges the drainpipe was going to be installed. On numerous *290 occasions, Balducci has experienced flooding in his building located at 240 Summer Street.
DISCUSSION
In considering a motion to dismiss, “the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor, are to be taken as true.” Nader v. Citron, 372 Mass. 96, 98 (1977). The defendant is entitled to judgment pursuant to Rule 12(b)(6) when “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Id. The court is “not to consider the unlikelihood of the Plaintiffs ability to produce evidence to support otherwise legally sufficient complaint allegations.” Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 322 (1998), citing Mmoe v. Commonwealth, 393 Mass. 617, 619-20 (1985).
Count I — Breach of Contract
Count I alleges breach of contract, in that Lunen-burg breached the MOA by improperly installing the drainpipe. Lunenburg claims first that this count should be barred by the statute of limitations, which is six years on contract claims. This action was brought on April 9, 2007. The “discovery rule,” “operates to toll a limitations period until a prospective plaintiff learns or should have learned that he has been injured by the defendant’s conduct.” Clough v. Brown, 59 Mass.App.Ct. 405, 407 (2003). Here, Balducci may present facts that show that he only learned of the improper installation of the drainpipe in 2001 when his basement began flooding.
Lunenburg also argues that Count I should be dismissed for failure to state a claim upon which relief may be granted. There are, however, genuine issues of material fact as to whether Lunenburg had permission to install the drainpipe where they did, and whether Lunenburg did so properly. The MOA was vague as to where the drainpipe should be installed, and the Easement Deed referenced the MOA with regard to where the drainpipe should be installed. Furthermore, the Easement Deed referenced a Recorded Plan; Balducci alleges that the Recorded Plan was created two weeks after the creation of the Easement Deed, therefore it was unclear where the easement and drainpipe would be located, and Count I will not be dismissed.
Count II — Negligence
Count II, alleging negligence, should be dismissed as Balducci has failed to comply with the presentment requirement of the MTCA. Claims alleging negligence against a public employer are covered by the MTCA. G.L.c. 258. General Laws Chapter 258, Section 4, requires that a parly present its claim in writing before bringing an action in this court. If a party does not meet the presentment requirement, its case must be dismissed for failure to state a claim upon which relief may be granted. See Vasys v. Metro. Dist. Comm’n, 387 Mass. 51, 53 (1982). A complaint must at least aver generally that all statutory conditions precedent, such as the presentment requirement, were met before bringing suit. See Vasys, 387 Mass. at 55. Balducci has not averred in his complaint that he has complied with the MTCA, therefore Count II will be dismissed.
Count III — Trespass
Count III alleges that Lunenburg trespassed when it entered the wrong parcel of land to install the drainpipe, and that the permanent nature of the drainpipe has created an ongoing and continuous trespass. Contrary to Lunenburg’s contention, an action for trespass against a municipality does not come under the MTCA, so Balducci may proceed on this claim without making any form of presentment. See Asiala v. Fitchburg, 24 Mass.App.Ct. 13, 16 (1987). Lunenburg also argues that the statute of limitations bars Balducci from bringing suit on a claim for trespass. As discussed above regarding Count I, there is a genuine issue of material fact as to when Balducci became aware that Lunenburg’s agents had trespassed upon 244 Summer Street, so Count III will not be dismissed.
Count IV — Unlawful Removal of Trees
Count IV alleges that Lunenburg unlawfully removed trees that were on Balducci’s property, in violation of G.L.c. 242, §7. Although the trees were removed in 2001 and this action was not brought until April 9, 2007, Balducci states that because the Easement Deed and Plan were not recorded until December 29, 2004, the discovery rule bars dismissal of this count under the statute of limitations. Again, the discovery rule allows Balducci’s tort claim to go forward at this stage of the proceedings. See G.L.c. 242, §7, Clough, 59 Mass.App.Ct. at 409. Under the facts asserted by Balducci, he would be able to show a set of facts, such as that he did not become aware that trees on the wrong property were cut down until the Easement Deed and Plan were filed in December 2004. Therefore, Count IV will not be dismissed.
Count V — Private Nuisance
Count V alleges that Lunenburg created a private nuisance when it installed the drainpipe on Balducci’s property. Lunenburg argues that this count should be dismissed for failure to state a claim upon which relief may be granted, as the allegations cannot constitute a private nuisance. “Where a municipality is the owner or in control of real estate and creates or permits a private nuisance to the real property of another, it is liable in a common law action just as a natural person would be.” Morash & Sons, Inc. v. Commonwealth, 363 Mass. 612, 616 (1973). “(T]he gravamen of private nuisance is injury to property or persons outside the public place controlled by the municipality." Leary v. City of Boston, 20 Mass.App.Ct. 605, 609 (1985) (emphasis in original). There is a genuine issue of material fact as to whether Lunenburg installed a drainpipe on property it was in “control of,” which is now causing injury to Balducci’s land. If proven, this could satisfy *291 the elements of a private nuisance. Therefore, Count V will not be dismissed.
ORDER
For the reasons discussed above the, defendant’s Motion to Dismiss is ALLOWED as to Count II and DENIED as to Counts I, III, IV, and V.