Wrenn, Daniel M., J.
The present action has been brought by two plaintiffs, Spencer Furniture, Inc. and Janet Chalifoux. Spencer Furniture, Inc. is a coiporate entity that occupies commercial space at 6 Olde Main Street, Spencer, Massachusetts. The property, however, is owned in fee by the co-plaintiff Janet Chalifoux. Spencer Furniture, Inc. has no ownership interest in the subject property. More particularly, the plaintiffs have filed the present complaint claiming negligence, property damage, trespass and nuisance against the Town of Spencer. Ms. Chalifoux is the record owner of the property and the secretary, registered agent and director of Spencer Furniture. As noted above, Spencer Furniture, a Massachusetts corporation, has its principal offices on the property, but has no separate ownership interest in the property.
Factually, the plaintiffs allege that on October 14, 2005, a large sinkhole appeared in the front parking area of Spencer Furniture. The plaintiffs, subsequent to that event, engaged an engineering firm, did significant investigation and ultimately they allege they determined that the cause of the large sinkhole is attributable to the lack of maintenance and deterioration of an underground pipe that allowed storm water to discharge behind a box culvert resulting in an undermining of that culvert. Plaintiffs further allege that the lack of maintenance and deterioration of the pipe caused the subject sinkhole and further that the Town is responsible for this sinkhole due to its failure to maintain, repair or replace the storm water system.
Each plaintiff seeks to recover $100,000, the maximum amount allowed under M.G.L.c. 258, §2 as the plaintiffs allege that the total expenditures attributable to each plaintiff are well in excess of that amount. The defendant has filed the present motion in limine to exclude argument or evidence relative to the plaintiff Spencer Furniture’s alleged damages. Thus stated the question presented to the court is where there are two plaintiffs in an action for property damage brought pursuant to M.G.L.c. 258, §2 and one plaintiff is the sole record owner of the property and the other has no ownership interest in the property can each plaintiff seek to recover up to $100,000 under the statutory cap? The short answer to this question is no, only those plaintiffs with ownership interest in the property can make a claim for property damage and seek recovery in proportion to his or her property interest up to $100,000 pursuant to M.G.L.c. 258, §2. See, Irwin v. Ware, 392 Mass. 745 (1984); Nemet v. Boston Water and. Sewer Commission, 56 Mass.App.Ct. 104(2002).
DISCUSSION
The issue presented in this motion in limine is an issue of first impression since while the appellate courts have addressed how the statutory limitation on damages should be applied in personal injury cases with multiple plaintiffs and in property damage cases of co-owners the courts have yet to address a case concerning property damage with two plaintiffs where only one has ownership interest.
Under M.G.L.c. 258, §2, public employers shall be liable for . . . loss of property . . . caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances, except that public employers shall not be liable ... for any amount in excess of $100,000.
The Supreme Judicial Court has considered how the limitation in M.G.L.c. 258, §2 should be applied in a case with more than one plaintiff. In Irwin v. Town of Ware, 392 Mass. 745 (1984), a personal injury case, the court held that the $100,000 limitation on liability in G.L.c. 258, §2 should be applied on a per plaintiff basis. In Irwin, the plaintiffs sued the town alleging that police officers failed to take into protective custody a motor vehicle operator who was under the influence and who caused an accident which injured the plaintiffs. Id. at 766. The Town argued that G.L.c. 258, §2 limited the recovery for the incident for all plaintiffs to an aggregate of $100,000. Id. The court rejected this “per incident” theory on the basis of statutory construction and legislative intent and held that the purpose of the tort claim was to allow plaintiffs with a valid cause of action to recover in negligence actions against governmental entities in amounts which were reasonable and not inflated. Id. at 768-69. The *541 legislature in passing the subject statute was certainly aware that a public employee’s negligence could result in the deaths or serious injuries to multiple victims. Thus the legislature set up a system which provided a balance between providing plaintiffs with “reasonable” recovery options while also protecting the public funds in providing that the amounts collected will “not be inflated.” Id. at 768-69. The court therefore concluded that a per plaintiff construction of the $100,000 limitation on public employer liability better serves the legislature’s intent to allow injured parties to recover in reasonable amounts while still assuring that the amounts recovered would not be inflated. Id. at 769.
The Appeals Court thereafter used this “per plaintiff’ theory for the application of the cap in a property damage case. In Nemet v. Boston Water and Sewer Commission, 56 Mass.App.Ct. 104 (2002), the court held “each owner of property that has been damaged may sue to recover for damage to his or her separate proportionate interest in the property just as each person sustaining personal injury in an automobile accident may sue to recover for his or her own injuries.” Id. at 113-14. In that case the plaintiffs, co-owners of the property, alleged that the defendants negligently failed to maintain a drainpipe that ran underneath their backyard which caused flood damage to their property. Id. at 105. The court concluded that each owner could sue to recover property damages up to $100,000 in his or her proportionate interest to the property. In Nemet, the defendants argued that one of the plaintiffs Christine Nemet could not recover for flood damage as she became a record owner of the property after the flood in question. In analyzing this issue the court held that there was evidence that the property still had value as of the time when Christine Nemet became an owner of the property and further that value later declined as the property sustained further damage from the flooding problem. Id. at 114. Thus the court’s holding recognized the concept that a plaintiff who acquired an ownership interest in property which property after acquisition lost value as a result of a public employee’s negligence could recover for that subsequently lost value. Id. at 114-15. Thus, although the court did not precisely take up the issue of whether a plaintiff with no ownership interest could seek to recover under G.L.c. 258, §2, the court’s analysis in Nemet strongly suggests that a plaintiff could not recover for property damage unless and until he or she became an owner of that properly.
In this case if the plaintiffs were co-owners of the property, then under Nemet, each plaintiff could recover up to $100,000 in proportion to their properly ownership. However, both plaintiffs here are not co-owners. Plaintiff Janet Chalifoux is the record owner of the properly and the secretary, registered agent and director of Spencer Furniture. Spencer Furniture has its principal offices on the property, but has no separate ownership interest in the properly. Thus, the property damage claim in this case is limited to a single property damage claim by the plaintiff Janet Chalifoux as the record owner of the property. She therefore may recover up to the statutory cap of $100,000. Since the co-plaintiff Spencer Furniture, Inc. has zero ownership interest in the property, the court’s analysis in Nemet mandates that Spencer Furniture is not entitled to claim property damages pursuant to M.G.L.c. 258, §2.
The Supreme Judicial Court and the Appeals Court in Irwin and Nemet both recognized that a per plaintiff application, whether in a personal injury action or in a property damage action, serves the two competing purposes of the Tort Claims Act: It allows plaintiffs with valid claims to recover for injuries caused by negligence on the part of a government entity, and it also protects the stability and effectiveness of the government by providing a mechanism that allows for limited recovery. Vasys v. District Commission, 387 Mass. 51, 57 (1982). However, in Nemet, the court recognized that the difference in a personal injury case versus a properly damage case is the damages for property owners would be in proportion to their interest in the whole. Nemet, 256 Mass.App.Ct. at 113. This recognition requires that the defendant’s position in the present motion be upheld since it is stipulated that Spencer Furniture’s ownership interest is zero and therefore no property damage amount can be established that would be proportionate to its interest.
CONCLUSION
Based on the above court findings and analysis, the Defendant’s Motion in Limine to Exclude Argument or Evidence Relative to Spencer Furniture, Inc.’s Alleged Damage is herewith ALLOWED.