Felix A. Burda & another[1] vs. Town of Spencer.

No. 89-P-93.

Worcester. February 13, 1990. - June 7, 1990.

Present: Warner, C.J., Smith, & Fine, JJ.

*Massachusetts Tort Claims Act. Notice*, Claim under Massachusetts Tort Claims Act. *Practice, Civil*, Presentation of claim under Massachusetts Tort Claims Act, Appeal, Assembly of record, Correction of record on appeal. *Rules of Appellate Procedure.*

Where the appellant in a civil action failed to carry its burden of providing a record appendix sufficient to support its points on appeal, this court let stand the orders of the trial judge denying a motion to dismiss and allowing a motion to supplement the record. [688-689]

Civil action commenced in the Superior Court Department on October 5, 1983.

The case was tried before *James P. Donohue*, J.

*Beth A. Bagley* for the defendant.

*James G. Reardon, Jr.*, for the plaintiffs.

Smith, J. On August 18, 1982, a collision occurred between a motor vehicle owned and operated by one Jennie A. Meagher and a police cruiser owned by the town of Spencer and operated by Officer George Edwards. That collision resulted in the death of Meagher. The coadministrators of Meagher's estate presented a claim in writing to the town. On October 5, 1983, they filed a complaint in the Superior Court against the town and Edwards.[2]

On December 20, 1983, the town filed an answer to the plaintiffs' complaint. It denied the plaintiffs' claim and as-

----

[1]Emily W. Burda.

[2]The complaint contained eight counts. The first four counts were against the town and the other four counts were against Edwards, the operator of the police cruiser. The counts against Edwards were dismissed on March 7, 1984.

serted, as a defense, that the "[p]laintiff[s] failed to give no-tice as required by law and the [d]efendant was prejudiced thereby and therefore the plaintiff[s] cannot recover." The town also alleged the failure of the plaintiffs to comply "with the [p]rovisions of Chapter 258 of the General Laws."[3]

On March 28, 1988, over four years after the filing of the plaintiffs' complaint, the matter came to trial. Just before the commencement of the trial, the town filed a motion to dis-miss the counts against it (see note 2, *supra*) "on the grounds that the plaintiffs failed to comply with the statutory condi-tion precedent . . . prior to the commencement of the civil action. . . ."[4] After a hearing the judge allowed the town's motion as to counts three and four (see note 4, *supra*) but denied it in regard to counts one and two.

The matter proceeded to trial on the two remaining counts. At the conclusion of the plaintiffs' evidence, the town moved for a directed verdict on both counts. It claimed, among other things, that "[a]s a matter of law, the plaintiffs failed to satisfy the condition precedent with respect to notice and denial prior to commencement of a civil action as re-quired by [G. L. c. 258, § 4] . . . ." The town counsel's ar-gument to the judge for allowance of the motion relevant to this appeal was short. He stated that "as a matter of law the plaintiffs have failed to satisfy the condition precedent with respect to notice." The motion was denied. It was renewed at the close of all the evidence and again denied. At that time,

---

[3]The plaintiffs' complaint did not contain any general averment that the statutory conditions precedent to recovery under G. L. c. 258 had been performed. The town, therefore, was "under no obligation to deny the non-existent averment 'specifically and with particularity', Mass.R.Civ.P. 9(c) [, 365 Mass. 751 [(1974)] . . . ." *Vasys* v. *Metropolitan Dist. Commn.* 387 Mass. 51, 55 (1982). Further, the plaintiffs' omission allowed the town to "raise the issue [of noncompliance] at any time before or during trial." *Ibid.*

There was no action taken by the town after the litigation commenced that would have lulled the plaintiffs into believing that presentment would not be an issue in the case. *Vasys, supra* at 57.

[4]The motion also stated, as an additional ground, that counts three and four should be dismissed because they sought punitive damages against the town.

the plaintiffs agreed to an entry of judgment for the town on count one (the count sought damages for pain and suffering) and the case went to the jury on count two only. The jury returned a verdict of $95,000 in favor of the plaintiffs.

On appeal, the town initially raised only one issue — that the judge committed error "in denial of the defendant's motion to dismiss and its motion for a directed verdict where the evidence clearly demonstrated that the plaintiff[s] failed to comply with the notice provisions of . . . G. L. c. 258." In its brief, the town narrowed that issue to a claim that the plaintiffs failed to comply with the "presentment" requirements, in particular, by bringing their complaint before the town had denied their claim and failing to wait six months from the date of presentment.[5]

According to the docket of this court, plaintiffs' counsel received the town's appellate brief on or before March 7, 1989. The plaintiffs, on March 13, 1989, filed a motion in the Superior Court to correct or modify the record. Mass.R.A.P. 8(e), as amended, 378 Mass. 934 (1979). They requested that the following items be added to the record: (1) a copy of the town's trial brief,[6] (2) a copy of a letter dated June 1, 1983, from plaintiffs' counsel to the town's board of selectmen giving notice of the plaintiffs' claim, and (3) a copy of a letter, signed by the town's attorney, denying the plaintiffs' claim. That denial letter was dated June 14, 1983, some three and one-half months *before* the plaintiffs brought their complaint.

The plaintiffs stated, as grounds for their motion, that "the inclusion of these records in the appeal is necessary to correct

---

[5]General Laws c. 258, § 4, "provides that a civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant first presents the claim in writing to the executive officer of the public employer within two years after the date on which the cause of action arose. Only if the claim is denied, or the executive officer fails to settle, arbitrate, or compromise the claim within six months of presentment may the claimant file suit." *McGrath* v. *Stanley*, 397 Mass. 775, 778 (1986).

[6]It was unnecessary to have the town's trial brief added to the record. It had already been included in the record as assembled by the clerk. See Mass.R.A.P. 9(a), 378 Mass. 935 (1979).

the record on this case, to accurately reflect the facts and circumstances as they existed at the time of the trial of this matter, and to properly serve the ends of equity and justice." Counsel for the town filed a memorandum in opposition to the plaintiffs' motion to supplement the record, including an affidavit of the town's trial counsel, Mr. Paul P. O'Connor. In the affidavit, Mr. O'Connor stated that he was "the sole trial counsel for the . . . [town], during the hearing on the [town's] motion to dismiss, as well as the trial" and that "[a]t no time did plaintiffs' counsel introduce [in] evidence or offer the copies of the correspondence of June 1, 1983 [the plaintiffs' notice of its claim] and June 14, 1983 [the town's denial of that claim], which the plaintiffs now seek to add to the record." The judge allowed the plaintiffs' motion, and the town claims that such allowance was error. It has included that issue on appeal.

The hearing on the town's motion to dismiss the plaintiffs' complaint took place in the judge's lobby prior to the commencement of the trial. It was not recorded, and therefore we have no transcript of the hearing. Further, the town has not provided "any statement of the proceedings on the motion such as is permitted under Mass.R.A.P. 8(c), as appearing in 378 Mass. 932 (1979) . . . ." *Tammaro* v. *Colarusso*, 11 Mass. App. Ct. 44, 47 (1980). See also *Aronson* v. *Commonwealth*, 401 Mass. 244, 255 (1987). "The burden is on the appellant to provide [the appellate] court with an appendix sufficient to support its points on appeal . . . ." *United States* v. *One Motor Yacht Named Mercury*, 527 F.2d 1112, 1113-1114 (1st Cir. 1975), quoted in *Kunen* v. *First Agricultural Natl. Bank*, 6 Mass. App. Ct. 684, 689 (1978). Because the town failed to carry its burden, we affirm the finding, implicit in the judge's ruling, that the plaintiffs complied with all of the presentment requirements of G. L. c. 258, § 4. *Tammaro* v. *Colarusso*, 11 Mass. App. Ct. at 47.[7]

---

[7]The town's motions for directed verdicts appear to have been based on the same grounds as its motion to dismiss the plaintiffs' complaint. Because we affirm the judge's ruling denying the town's motion to dismiss the

Burda *v.* Spencer.

The town faces the same problem with its claim that the judge erred in allowing the plaintiffs' motion to supplement the record. "The decision of the trial judge under rule 8(e) is usually conclusive. 'When a dispute respecting the record is submitted to the . . . court, its determination is conclusive, absent a showing that the . . . court has intentionally falsified the record.' " *Letch* v. *Daniels*, 401 Mass. 65, 67-68 n.3 (1987), quoting from *Bechtel* v. *Paul Clark, Inc.*, 10 Mass. App. Ct. 685, 693 (1980). The town makes no showing in the record or in the appendix that the trial judge has intentionally falsified the record by allowing the rule 8(e) motion. Further, the documents that were added to the record as a result of the judge's allowance of the plaintiffs' rule 8(e) motion form an additional basis for our affirmance of the judge's denial of the motion to dismiss, as it appears that the plaintiffs did indeed comply with the requirements of G. L. c. 258, § 4.[8]

*Judgment affirmed.*

complaint, we need not consider the judge's actions on the town's motions for directed verdicts.

[8]At oral argument, the town's counsel claimed that the June 14, 1983, letter was not an effective denial because it was not signed or sent by the proper entity, the board of selectmen. There is nothing in the record that demonstrates that the town raised that issue below. Certainly, the town never mentioned it in its reply brief. Therefore, we do not consider the town's argument. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).