SUSANNE M. CAMILLO *vs*. VINCENT J. CAMILLO.

No. 90-P-976.

Suffolk. June 25, 1991. - August 28, 1991.

Present: WARNER, C.J., PERRETTA, & PORADA, JJ.

*Divorce and Separation*, Appeal, Record, Child support, Modification of judgment. *Practice, Civil*, Appeal, Record.

Where, from the materials before this court, it appeared that a civil appeal could not succeed because of lack of record support, the matter was appropriate for disposition under Appeals Court Rule 1:28. [287-288]

Where, as the result of an appellant's apparent misunderstanding of the applicable rules, exacerbated by a Probate Court register's failure to transmit an updated record, this court was never apprised of the existence of a statement of the evidence pursuant to Mass.R.A.P 8(c) that a probate judge had approved while the appeal was originally pending, this court, on petition for rehearing, reconsidered its earlier disposition of the appeal under Appeals Court Rule 1:28 in light of the statement of the evidence. [289-292]

In a proceeding for modification of a judgment of divorce, the evidence revealed no abuse of discretion in the judge's order for child support. [292-293]

COMPLAINT for divorce filed in the Suffolk Division of the Probate and Family Court Department on August 12, 1980.

A complaint for modification, filed on March 28, 1988, was heard by *Sumner Z. Kaplan*, J.

After its decision, 30 Mass. App. Ct. 1115 (1991), the Appeals Court considered a petition for rehearing.

*Helen Holcomb*, for Susanne M. Camillo, submitted a brief.

PERRETTA, J. Because the mother's record appendix was insufficient to permit us to consider her claim on appeal, i.e., that the trial judge made numerous errors in ruling upon her complaint seeking modification of the father's child support obligation, we were unable to consider her arguments. The

appendix did not include a transcript. Although the mother explained in her brief that the tape cassette of the hearing had been lost, we noted in our unpublished memorandum and order under Appeals Court Rule 1:28, as amended, 10 Mass. App. Ct. 942 (1980), that the mother had not availed herself of the procedures set out in Mass.R.A.P. 8(c), as amended, 378 Mass. 933 (1979), and we affirmed the judgment. See 30 Mass. App. Ct. 1115 (1991). The mother now petitions for rehearing, claiming that she in fact did obtain an approved statement of the evidence under rule 8(c). A copy of the statement is attached to the petition. We see from the petition that numerous mishaps occurred in the process of bringing an accurate record before us. Because we cannot say that the mother is entirely responsible for the procedural missteps, we reconsider her claim on appeal. Upon reconsideration, we describe how the procedural error occurred, in order to avoid its recurrence, and we conclude that, in light of the evidence, our order affirming the judgment is to stand.

1. *The mother's brief and appendix.* The docket entries of this court show that the mother's appeal was entered on August 20, 1990.[1] She filed her brief and appendix on December 3, 1990, and the father chose not to respond. As required by Mass.R.A.P. 18(a), as amended, 399 Mass. 1217 (1987), the mother included the following documents, among others, in her appendix: the lower court docket entries, through January 23, 1990, the parties' financial statements filed under Rule 401 of the Supplemental Probate Court Rules (1979), and the judgment of March 10, 1989.

In her brief, the mother made many factual assertions without the required references to the record. See Mass. R.A.P. 16(a)(3), 365 Mass. 861 (1974), and Mass.R.A.P. 16(e), as amended, 378 Mass. 940 (1979). She pointed out that the judge did not make any findings of fact and that the tape cassette of the hearing could not be found. We regarded

---

[1]The record was assembled on July 2, 1990. On August 17, 1990, the mother obtained leave in the trial court to docket the appeal late. See Mass.R.A.P. 10(a) & (c), as amended, 378 Mass. 937 & 938 (1979).

these statements as an unsatisfactory explanation for the state of the record before us for a number of reasons. Prior to the amendment of the Child Support Guidelines effective October 1, 1989, a judge was not required to make findings when the Guidelines were not followed, as here. See Kindregan & Inker, Family Law and Practice § 223, at 367 n.7 & 376 (1990). Further, the docket entries do not reflect that the mother had requested that, pursuant to Mass.R.Dom.Rel.P. 52(a) (1987), findings be made. See Harvey, Moriarty, Bryant, & Asch, Massachusetts Domestic Relations § 31:8 (1990).[2] Finally, and as earlier noted, the docket entries did not reflect that a statement of the evidence had been presented and approved under Mass.R.A.P. 8(c). It was not until the filing of the petition for rehearing on June 19, 1991, that we discovered that a statement of the evidence had been approved on January 10, 1991, some five weeks after the mother had filed her brief and appendix.

From all that appeared from the materials before us at the time the mother's appeal was taken up for consideration, her claim could not succeed because of the lack of record support (see *Kunen* v. *First Agric. Natl. Bank*, 6 Mass. App. Ct. 684, 687, 689 [1978]; *Burda* v. *Spencer*, 28 Mass. App. Ct. 685, 688 [1990]), and there was no purpose to be served by granting oral argument. Disposition of the appeal under Appeals Court Rule 1:28 was, therefore, particularly appropriate.[3]

---

[2]The mother did include copies of proposed findings of fact, dated April 3, 1989, and proposed rulings of law, dated November 21, 1990, in the appendix. However, there is nothing on those copies or in the docket entries to show whether these postjudgment proposals were ever filed.

[3]Appeals Court Rule 1:28 reads: "At any time following the filing of the appendix (or the filing of the original record) and the briefs of the parties on any appeal in accordance with the applicable provisions of Rules 14(b), 18 and 19 of the Massachusetts Rules of Appellate Procedure, a panel of the justices of this court may determine that no substantial question of law is presented by the appeal or that some clear error of law has been committed which has injuriously affected the substantial rights of an appellant and may, by its written order, affirm, modify or reverse the action of the court below. The panel will provide an opportunity for oral argument before disposing of criminal cases under this rule but need not do so in civil cases. Any order entered under this rule shall be subject to the provi-

2. *The procedural mistakes.* Upon receipt of the mother's petition, we exercised our powers under Mass.R.A.P. 18(b), as amended, 378 Mass. 941 (1979), and called for the lower court docket entries. Those docket entries reflect activity in the trial court subsequent to December 3, 1990, the date the mother filed her brief and appendix.

On December 13, 1990, the mother moved in the Probate Court for an enlargement of time in which to file a statement of the evidence and for approval of her attached statement. Her motions and statement were "allowed" on January 10, 1991, by a judge other than the one who had presided at the hearing on her complaint.[4] Copies of the motion and statement, with the judge's endorsements thereon, were also attached to the petition filed with us.

Rule 8(c) provides, as here pertinent: "[I]f a transcript is unavailable, the appellant may, within thirty days after the notice of appeal is filed, file a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may file objections or proposed amendments thereto within ten days after service. Thereupon, the statement and any objections or proposed amendments thereto shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal." The mother's notice of appeal was docketed on March 30, 1989, and "on or around April 3, 1989," she ordered a copy of the tape cassette.

We learn from the attachments to the mother's petition that after the thirty-day period in rule 8(c) had expired, she was informed that the cassette could not be found. Notwithstanding this information, the mother did not seek an enlargement of time, pursuant to Mass.R.A.P. 10(c), as amended, 378 Mass. 938 (1979), in which to meet her obli-

---

sions of Rules 27 and 27.1 of the Massachusetts Rules of Appellate Procedure."

[4]Although the judge who had presided at the hearing retired on February 3, 1990, he was recalled to service on October 1, 1990, until January 31, 1991.

gations under Mass.R.A.P. 9(c)(2), as amended, 378 Mass. 936 (1979), all as explained in *Patten* v. *Mayo*, 23 Mass. App. Ct. 657, 658-659 (1987). Because of this failure, there was nothing to alert the register to the fact that, as far as the mother was concerned, the record was incomplete and should not be assembled. Consequently, the register continued with his duty and completed assembly of the record on July 2, 1990. See Mass.R.A.P. 9(d), as amended, 378 Mass. 936 (1979). That the mother was attempting to draft a statement of agreed facts is irrelevant, even if commendable, because, as clear from the materials now before us, no one was advised of these efforts until long after the assembly of the record had been completed.

Apparently, it was not until after the appeal had been docketed that the mother's efforts to reach agreement with the father as to the facts proved futile. Her brief makes no mention of her attempts to secure record support for her factual statements, other than to note that the cassette could not be found. Her motions of December 13, 1990, are telling as to her awareness of the fact that the appendix filed with us on December 3, 1990, was seriously, indeed fatally, deficient.

The mother also knew that, her motion and statement having been allowed by the Probate Court, it remained necessary to transmit the statement to the appellate court. In her motion seeking approval of the statement, she did request "an Order approving the attached 'Statement of Evidence' for inclusion in the record on Appeal." At this point, December 13, 1990 (the date of the filing of the motion and proposed statement), the mother reasonably could assume that some time remained in which the statement could be transmitted before the appeal would be taken up for consideration, even if under rule 1:28.

When the motion and statement were allowed on January 10, 1991, it became the obligation of the register, by reason of both the language of rule 8(c) ("the statement . . . as settled and approved shall be included by the clerk of the lower court in the record on appeal") and the allowance of the mother's specific request for inclusion in the record, to

transmit to this court an amended or updated record. According to the mother's petition, she was assured several times by the register that the statement of evidence "had been incorporated into the appellate record." The docket entries, however, do not reflect that the register of the trial court ever transmitted an updated record to this court.

Even had the transmission been made by the register, we still would not have had a copy of the rule 8(c) statement. Once again we point out that, in a civil case, the record transmitted by the clerk of the lower court consists of "two certified copies of the docket entries," Mass.R.A.P. 9(d), and no more. It is the duty of the appellant to bring any other part of the record on appeal, see Mass.R.A.P. 8(a), as amended, 378 Mass. 932 (1979), to an appellate court under either Mass.R.A.P. 18(a), as amended, 399 Mass. 1217 (1987), or 18(f), 365 Mass. 867 (1974). See *Holleman* v. *Gibbons*, 27 Mass. App. Ct. 563, 567 (1989).

We recapitulate. Had the mother timely sought an enlargement of time under rule 10(c) to meet her obligations under rule 9(c)(2), see *Patten* v. *Mayo*, 23 Mass. App. Ct. at 658-659, it is likely that, in view of her grounds, the motion would have been allowed, and none of this would have happened. Had her request been denied, relief could have been sought from a single justice of this court. See Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979). Had the register transmitted updated docket entries as he should have, we would not have had the actual rule 8(c) statement, but we would have had the knowledge of its existence and the discretion to exercise our powers under rule 18(b). We also would have been alerted to the problem if, after January 10, 1991, the mother had sought from a single justice a stay of the appeal pending the transmission of the amended docket entries as well as leave to file a supplemental appendix to include the rule 8(c) statement. See Mass.R.A.P. 15(c), 365 Mass. 860 (1974).

Because the mother's failures appear to be the consequence of an erroneous interpretation of the procedural rules, exacerbated by the error of the register, rather than the re-

sult of negligence or inattentiveness, we reconsider our order affirming the judgment. See *Menard* v. *McCarthy*, 410 Mass. 125, 128-129 (1991). In so doing, we have not provided the father with an opportunity to respond. He did not object to the mother's rule 8(c) statement nor did he file a brief in the first instance.

3. *The merits.* When the parties were divorced in 1981, their separation agreement was merged into the judgment. By the terms of the agreement and, hence, the judgment, the mother was to have custody of the parties' only child, a son born on February 6, 1979, and the father was to pay child support in the amount of thirty dollars a week. Each of the parties waived the right to seek alimony from the other.

On March 28, 1988, the mother sought modification of the father's obligation in an amount to be determined under the guidelines, as then in effect, which she calculates to be $180 a week. In her complaint, the mother alleged that circumstances had changed since 1981, in that the child "attends parochial school, which includes expenses for tuition, activities, fees, etc.," that he "will be requiring day care," and that his "needs have increased substantially" since the date of the original order. She further stated that the father was "gainfully employed" and that he could "afford to pay substantially more."

As noted, the judge's order that the father pay eighty-five dollars each week was not accompanied by findings of fact. There is nothing in the financial statements before us which would support a conclusion that the judge abused his discretion. The increase will improve the mother and child's standard of living to the extent that it will enable her to meet her weekly expenses, which, as reflected on her financial statement, include the child's day care and educational expenses.

On the other hand, it does not appear from the father's financial statement that he can afford to do better. Indeed, if the statement is accurate, the order will result in a substantial weekly cash shortfall to the father.

Any notion of arbitrariness to the father in the order is dispelled by the statement of evidence. By the statement, we

are informed that the father earns extra income by working hours in addition to his primary employment, that he receives financial assistance from his parents "when needed," that his present wife is a trained hairdresser who "chooses not to work in order to stay home and care for her child from a previous marriage . . . and for defendant's minor child and new born infant from his second marriage," and that "any financial difficulties which the defendant has are primarily the result of the defendant's over-use of credit cards for the purchase of items unrelated to the support of the parties' minor child."[5]

It is the mother's primary contention on appeal that, in awarding only eighty-five dollars, rather than $180, a week, the judge gave too much weight to the expenses of the father's subsequent family (Section II-J of the Guidelines, as then in effect) and failed to consider that the father and his present wife could earn substantially more than they are earning. See Section II-H of the Guidelines, as then in effect.

The amount of the judge's order shows that he went beyond what the father's financial statement indicated he could afford to pay. On the evidence before us, we cannot say that the judge abused his discretion in ordering the amount that he did.

The order affirming the judgment of the Probate Court, appearing in 30 Mass. App. Ct. 1115 (1991), is to stand. The rescript, which was stayed by the mother's petition for rehearing, is to issue forthwith. See Mass.R.A.P. 23, as amended, 367 Mass. 921 (1975).

*So ordered.*

---

[5]Although the mother's brief contains much more specific information concerning the father's extra income and expenditures, the general and broad statement of evidence does not.