WILLIAM A. KORDIS[1] *vs.* APPEALS COURT & another.[2]

Suffolk. May 7, 2001. - July 23, 2001.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Appeals Court,* Appeal from order of single justice. *Uniform Rules on Impoundment Procedure. Practice, Civil,* Appeal, Impoundment order.

This court concluded that, in the circumstances, a litigant was entitled to appeal pursuant to Mass. R. A. P. 15 (c), 365 Mass. 859 (1974), and Rule 2:02 of the Rules of the Appeals Court (1975), to a panel of the Appeals Court from an order of a single justice of the Appeals Court refusing to destroy or impound certain material in the court's file in an appeal involving the litigant that was pending in that court. [664-669]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 10, 2000.

The case was considered by *Greaney,* J.

The case was submitted on briefs.

*Linda A. Wagner,* Assistant Attorney General, for the defendants.

*William A. Kordis,* pro se.

MARSHALL, C.J. The petitioner, William A. Kordis, appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We vacate the judgment. We hold that, in the circumstances described below, the petitioner was entitled to appeal to a panel of the Appeals Court from an order of a single justice of the Appeals Court refusing to destroy or impound certain material in the court's file in an appeal involving the petitioner that is pending in that court.

*Facts.* The petitioner, an inmate at a Massachusetts correctional facility, commenced a civil action in 1999 against the

---

[1]Formerly known as William H. Moore.

[2]The superintendent of the Souza-Baranowski Correctional Center.

superintendent of the facility, challenging certain conditions of his incarceration. A judge in the Superior Court granted summary judgment for the superintendent. The petitioner appealed. Claiming to be indigent, he requested that the Appeals Court waive its docket fee. The court granted his request, waived the fee, and docketed his appeal. G. L. c. 261, §§ 27A-29. See Mass. R. A. P. 10 (a) (1), as amended, 378 Mass. 937 (1979).

The superintendent moved to dismiss the petitioner's appeal on the ground that the petitioner had misrepresented his indigence. In the alternative, the superintendent requested that the petitioner be required to pay the docket fee (or some fraction of it to be determined by the court) before proceeding further with his appeal. To support his motion, the superintendent submitted, among other things, a Department of Correction statement listing all income to, and expenditures from, the petitioner's inmate account for the preceding six-month period.[3] The superintendent also submitted a similar statement listing income and expenses over a period of approximately five years. Treating the superintendent's motion as a motion for reconsideration of the earlier waiver of the docket fee, a single justice of the Appeals Court required the petitioner to pay a $10 fee before proceeding further.

The petitioner moved to strike the superintendent's motion to dismiss, and to destroy or to impound the inmate account statements submitted by the superintendent. He contended that the statements constituted criminal offender record information that had been employed by the superintendent and the Appeals Court in violation of G. L. c. 6, §§ 167-178B. The single justice denied the petitioner's motion. The petitioner sought reconsideration of the denial, but that, too, was denied by the single justice in the Appeals Court.

The petitioner next filed a notice of appeal in the Appeals Court from the single justice's denial of his motion to strike the superintendent's motion to dismiss and to destroy or to impound his inmate account statements, and from the denial of his motion for reconsideration. The single justice ordered that the

---

[3]The petitioner states in his brief that, when he initially sought waiver of the docket fee, he also submitted a six-month statement of his account. See G. L. c. 261, § 29.

notice of appeal be struck on the ground that the petitioner had no right to appeal from the orders. Shortly thereafter, the petitioner filed a "second request for review" of the single justice's orders, citing Mass. R. A. P. 15 (c), 365 Mass. 859 (1974), and Rule 2:02 of the Rules of the Appeals Court (1975). The single justice purported to deny that request.

Finally, the petitioner sought an order from a single justice of this court, pursuant to G. L. c. 211, § 3, requiring the Appeals Court to process his "request for review" of its single justice's orders. A single justice of this court denied the petition without a hearing, and the petitioner now appeals from the judgment that followed.

*Discussion.* We agree with the petitioner's contention that he was entitled to pursue an appeal to a panel of the Appeals Court from the denial of his motions by the Appeals Court's single justice.[4] We base this conclusion on our reading of the plain language of Mass. R. A. P. 15 (c), 365 Mass. 859 (1974), and Rule 2:02 of the Rules of the Appeals Court (1975).

Rule 15 governs motion practice in the appellate courts. When a motion is filed in a pending appeal, rule 15 (c) authorizes a single justice to act on the motion.[5] Indeed, in both the Appeals Court and this court, single justices act on numerous and various types of motions in pending appeals on a daily basis. Rule 15 (c) further provides that "[t]he action of a single justice may be reviewed by the appellate court." The rule thus serves dual purposes. On the one hand, it promotes efficiency by permitting single justices to carry out an appellate court's obligation and authority to act on motions; not every motion requires action by a quorum in the first instance. On the other hand, the rule ensures that a single justice's ruling on a motion

---

[4]Before filing his G. L. c. 211, § 3, petition, the petitioner paid the $10 fee imposed by the Appeals Court's single justice, to avoid dismissal of his underlying appeal. He stated in his petition to the single justice of this court that he did not challenge the fee, and that he sought to appeal only from the denial by the Appeals Court's single justice of his motion to strike, to destroy, or to impound his inmate account statements.

[5]The rule contains two exceptions: "a single justice may not dismiss or otherwise determine an appeal or other proceeding, and . . . the appellate court may provide by order or rule that any motion or class of motions shall be acted on by the appellate court."

will not go unchecked; if aggrieved by the ruling, a party may obtain review by the appellate court.[6] See *Maza* v. *Commonwealth*, 423 Mass. 1006, 1006 (1996), and cases cited; *Pemberton* v. *Pemberton*, 9 Mass. App. Ct. 809 (1980). See also *Camillo* v. *Camillo*, 31 Mass. App. Ct. 286, 291 (1991).

Rule 2:02 of the Rules of the Appeals Court sets forth the procedure by which a party aggrieved by a single justice's ruling on a motion may obtain the review provided by rule 15 (c). Rule 2:02 states that such review "shall be by a panel of other justices of [the Appeals Court], shall be claimed by an appeal to such a panel, and shall be prosecuted in the same manner as if the single justice were the 'lower court' within the meaning of" Mass. R. A. P. 1 (c), as amended, 430 Mass. 1601 (1999). See also Rule 2:01 of the Rules of the Appeals Court (1975).

The petitioner followed to the letter the procedure set forth in rule 15 (c) and rule 2:02. After the Appeals Court's single justice denied both his initial motion (to strike the superintendent's motion to dismiss, and to destroy or to impound the inmate account statements filed by the superintendent) and his motion for reconsideration, the petitioner filed a timely notice of appeal from those rulings. When the single justice struck his notice of appeal, the petitioner filed, also within the time allotted for an appeal, a "second request for review" by a panel of other Justices citing rule 15 (c) and rule 2:02. These filings indicated that the petitioner was seeking review by a panel as contemplated by the rules.[7]

The respondents take the position that rule 15 (c) and rule 2:02 are inapplicable. Their sole argument is that the petitioner's motions before the single justice of the Appeals Court were governed by Trial Court Rule VIII, Uniform Rules

---

[6] The "appellate court" is defined in the appellate rules as "the full Supreme Judicial Court, the full Appeals Court, or a statutory quorum of either, as the case may be, whichever court is exercising statutory jurisdiction over the case at bar." Mass. R. A. P. 1 (c), as amended, 430 Mass. 1601 (1999). See G. L. c. 211, § 2; G. L. c. 211A, § 3.

[7] The single justice's striking of the petitioner's notice of appeal, and his purported denial of the petitioner's "second request for review," would appear to violate the spirit of the provision in Mass. R. A. P. 15 (c), 365 Mass. 859 (1974), stating that a single justice may not "dismiss or otherwise determine an appeal or other proceeding."

on Impoundment Procedure (uniform rules). As the respondents correctly point out, we have adopted the uniform rules for use in this court and in the Appeals Court. See S.J.C. Rule 1:15, § 1, as appearing in 401 Mass. 1301 (1988). Rule 12 of the uniform rules states that "[a]n order impounding or refusing to impound material shall be subject to review by a single justice of an appellate court in accordance with provisions of law and consistent with the procedures established in rule 1:15 of the Rules of the Supreme Judicial Court."[8] The respondents argue that, because the Appeals Court's single justice ruled on a matter concerning impoundment, the language in rule 12 calling for "review by a single justice of an appellate court" required the petitioner to seek review from a single justice of this court.

We disagree with this literal application of rule 12, for several reasons. First, we take into account that the uniform rules were adopted principally as rules of the trial court. When applied to the various departments of the trial court, the rules clearly define the route to obtain review — "by a single justice of an appellate court," see rule 12 — of orders concerning impoundment that are covered by the rules. See *Boston Herald, Inc.* v. *Sharpe*, 432 Mass. 593, 600-601 (2000). Although, as noted above, we have adopted the uniform rules for use in the appellate courts as well, their application in this court and the Appeals Court is less clear in some respects, as this case illustrates. Specifically, when a single justice of an appellate court has ruled on an impoundment matter in the first instance, the meaning of rule 12's provision that review shall be "by a single justice of an appellate court" is confusing, to say the least.

Second, if we were to interpret and apply rule 12 as the respondents suggest, we would, in effect, be creating a procedure that does not apply equally to both appellate courts. An impoundment ruling by a single justice of the Appeals Court would be reviewable by a single justice of this court. Yet an impoundment ruling in the first instance by a single justice of

[8]The reference in Rule 12 of the Uniform Rules on Impoundment Procedure (uniform rules) to "procedures established in rule 1:15 of the Rules of the Supreme Judicial Court" is a reference to § 2 of rule 1:15. Section 1 of rule 1:15 merely adopts the uniform rules for use in the appellate courts; it sets forth no "procedures" to be followed.

this court, in an appeal that is pending here, clearly would not be reviewable by a single justice of the Appeals Court, or by a second single justice of this court. Such a ruling would be reviewable only by a quorum of this court, and the respondents do not suggest otherwise. Adopting the respondents' approach, therefore, would mean that the route to obtain review of an appellate court single justice's ruling would vary depending on which of the two appellate courts is involved. In analogous circumstances, we have strived to avoid this type of lack of uniformity. See *Zullo* v. *Goguen*, 423 Mass. 679, 681-682 (1996); *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177, 180-181 (1989). Cf. *Katz* v. *Savitsky*, 10 Mass. App. Ct. 792, 793-796 (1980) (directing appeals from rulings by single justices, pursuant to G. L. c. 231, § 6G, to panels of Appeals Court).

Third, we note that not every matter concerning impoundment is governed by the uniform rules. Rule 1 of the uniform rules states in relevant part that "these rules shall be inapplicable to court papers, documents, exhibits, dockets, indices, and other records which are required to be impounded by statute, court rule, or standing order." Conceivably, then, if a single justice of the Appeals Court were to become involved in an impoundment matter not covered by the uniform rules, his or her ruling would be reviewed by a panel of other Justices of the Appeals Court in accordance with Mass. R. A. P. 15 (c), and Rule 2:02 of the Rules of the Appeals Court, as explained above. But, according to the respondents, if a single justice of the Appeals Court were to rule on a matter covered by the rules, the review would be by a single justice of this court. We think it unwise to establish a system of review of single justice impoundment rulings that would require that review be in a different forum depending on whether the particular impoundment matter involved is a matter arising under the uniform rules, or a nonrules matter.[9]

Fourth, we note an additional difficulty in attempting to apply

---

[9]In addition, rule 1 of the uniform rules states: "These rules shall not be construed to deprive a person of any rights or remedies regarding impoundment which are otherwise available under law." This is a further indication that the rules were not intended to supplant other available remedies.

rule 12 to a case such as this. The petitioner correctly states that his motions before the Appeals Court's single justice were not strictly impoundment motions. Indeed, the primary relief he sought was to strike the superintendent's motion to dismiss his appeal, and to destroy his inmate account statements that the superintendent had attached as exhibits to his motion. He based these requests on the criminal offender record information statute, G. L. c. 6, §§ 167-178B, claiming that the superintendent and the Appeals Court improperly employed documents that were within the reach of the statute. His papers before the Appeals Court's single justice made it clear that he was seeking impoundment (as opposed to removal from the case file altogether) only as an alternative, last resort form of relief. Given the nature of the motion, we are not inclined to view it as a motion brought solely under the uniform rules,[10] nor are we inclined to hold, even if some aspect of his motion fell under the rules, that the portion governed by the rules should be reviewed by a single justice of this court under rule 12 while the main portion of the motion, the portion not governed by the rules, is reviewable by a panel of other Justices of the Appeals Court pursuant to Mass. R. A. P. 15 (c) and Rule 2:02 of the Rules of the Appeals Court.[11]

Finally, the respondents direct our attention to *Boston Herald, Inc.* v. *Sharpe, supra.* That case, however, is distinguishable. It involved an order relative to impoundment that had been issued in the Probate Court. We addressed "the correct procedure for litigants to follow when seeking appellate review, under the uniform rules . . . of trial court orders concerning impoundment." *Id.* at 600. That case, unlike this case, did not involve a ruling concerning impoundment made in the first instance by a single justice of an appellate court. Unlike here,

---

[10]There was no mention of the uniform rules in the record before the single justice of the Appeals Court or before the single justice of this court.

[11]The petitioner states that his request for destruction of the material, as opposed to mere impoundment of it, is based on G. L. c. 6, § 172, which states in part: "Any individual or agency, public or private, that receives or obtains criminal offender record information, in violation of the provisions of this statute, whether directly or through an intermediary, shall not collect, store, disseminate, or use such criminal offender record information in any manner or for any purpose."

the single justice of the Appeals Court became involved in that case pursuant to rule 12 of the uniform rules, reviewing the ruling of the probate judge. Rule 12 plainly and unambiguously applies in that situation.[12] Moreover, the *Sharpe* case, unlike this case, involved a pure impoundment matter, and there was no question concerning the applicability of the uniform rules.

*Conclusion.* We hold that the petitioner was entitled to appeal to a panel of the Appeals Court from the orders of the Appeals Court's single justice.[13] The judgment of this court's single justice is therefore vacated. The case is remanded to the county court for entry of a judgment, pursuant to G. L. c. 211, § 3, directing the Appeals Court to process the petitioner's appeal.

*So ordered.*

---

[12]Likewise, when we spoke of review of a ruling of the Appeals Court's single justice by a single justice of this court, pursuant to G. L. c. 211, § 3, we were specifically addressing the situation where the Appeals Court's single justice has acted on an impoundment matter not in the first instance, but on review of a lower court's ruling. *Boston Herald, Inc.* v. *Sharpe*, 432 Mass. 593, 601-602 (2000) ("Once a single justice of an appellate court decides a matter *pursuant to rule 12*, the uniform rules make no provision for any further review. . . . Because no other remedy is expressly provided, an appropriate course for an aggrieved party to pursue in a case such as this, *where a single justice of the Appeals Court has decided the rule 12 matter*, would be to file a petition in the Supreme Judicial Court for Suffolk County . . . under G. L. c. 211, § 3" [emphasis added]).

[13]Although the respondents have not raised the argument, we have considered the possibility that a litigant aggrieved by an order of the Appeals Court's single justice might obtain more expeditious review if we were to hold that review proceeds before a single justice of this court, pursuant to rule 12 of the uniform rules. We have full confidence that, in appropriate cases, the Appeals Court will act expeditiously in resolving the types of appeals we discuss herein. Parties are, of course, free to ask that their appeals be expedited, and, in a case where time is truly of the essence, the Appeals Court could decide the appeal on the papers that were before its single justice, without further briefing or oral argument.

Furthermore, the notion that review can be handled more expeditiously by a single justice of this court might be illusory. Parties aggrieved by rulings of single justices of this court would then surely attempt to obtain additional review from the full court.