CHARLES JAYNES *vs.* COMMONWEALTH. May 8, 2002. *Supreme Judicial Court,* Superintendence of inferior courts.

Charles Jaynes filed a petition in the county court pursuant to G. L. c. 211, § 3. A single justice of this court denied the petition. We affirm.

At Jaynes's trial in the Superior Court on charges of murder and kidnapping, the judge stated that the names of certain prospective jurors — questioned during individual voir dire in a closed court room — would be removed from the trial transcript for privacy reasons. Jaynes did not object. Contrary to the judge's stated intention, however, the names were not removed.

Following his convictions, Jaynes appealed to the Appeals Court. He also filed a motion for a new trial in the Superior Court, claiming for the first time that the trial judge's decision to close the court room during portions of the voir dire violated his right to a public trial. A second judge in the Superior Court denied the motion. Jaynes's appeal from that ruling was consolidated with his direct appeal.

While the consolidated appeals were pending in the Appeals Court, the Commonwealth filed a motion requesting that the Appeals Court impound the names that had not been removed from the transcript, arguing that the trial judge had promised the prospective jurors that she would do so. See S.J.C. Rule 1:15, § 2 (c), as appearing in 401 Mass. 1301 (1988) (parties' duties in maintaining confidentiality of impounded material on appeal). Jaynes opposed the motion. After a hearing, a single justice of the Appeals Court issued an order to remove the names from the transcript "on the basis that the jurors were told by the trial judge that this would be done." Jaynes timely appealed from the order to a panel of the Appeals Court and requested that it be consolidated with his other pending appeals. He also filed a petition pursuant to G. L. c. 211, § 3, in the county court, arguing that the Appeals Court single justice had improperly ordered the names removed.

The Appeals Court's single justice allowed Jaynes's request for consolidation. However, she suggested that "it would appear that under Rule 12 of the Uniform Rules of Impoundment Procedure an appeal from her order is to a single justice of the Supreme Judicial Court." Jaynes's counsel then wrote to the clerk of the Appeals Court, stating that she would not be filing a brief in support of Jaynes's appeal from the single justice's "impoundment order," opting instead to pursue the G. L. c. 211, § 3, petition in the county court.

This court's single justice subsequently denied Jaynes's petition, stating that "[t]he matter . . . is fully reviewable under the regular appellate process."[1]

"Relief under G. L. c. 211, § 3, is available only in extraordinary circumstances." *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't*, 435 Mass. 136, 137 (2001). It is not available where the petitioning party has or had "adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief." *Lanoue* v. *Commonwealth*, 427 Mass. 1014, 1015 (1998), quoting *Hicks* v. *Commissioner of Correction*, 425 Mass. 1014, 1014-1015 (1997).

Here, whether the order of the Appeals Court's single justice to remove the names from the transcript is construed as an impoundment order *in the first instance* — as Jaynes claims — or simply as an order *effectuating* the trial judge's order to impound — as the Commonwealth contends — the appropriate avenue of review is an appeal to a panel of the Appeals Court. See *Kordis* v. *Appeals Court*, 434 Mass. 662, 669 (2001) (when single justice of Appeals Court rules on impoundment matter in the first instance, ruling is reviewable by Appeals Court panel); *Commonwealth* v. *O'Brien*, 27 Mass. App. Ct. 184, 190 (1989) (Appeals Court panel reviewed decision of Appeals Court's single justice to deny appellate counsel access to materials impounded by the trial judge in criminal case not governed by uniform rules of impoundment procedure). Contrast *Boston Herald, Inc.* v. *Sharpe*, 432 Mass. 593, 601-602 (2000) (when single justice of Appeals Court reviews trial court's impoundment order in a case governed by the uniform rules of impoundment procedure, "an appropriate course for an aggrieved party" is to file a G. L. c. 211, § 3, petition in county court). Not only was this avenue available to Jaynes, but he has already traveled down it. He has briefed and argued this matter before a panel of the Appeals Court and is currently awaiting that court's decision. See note 1, *supra*. See also *Hines* v. *Commonwealth*, 423 Mass. 1004, 1004, cert. denied, 519 U.S. 984 (1996) ("[t]o obtain relief under G. L. c. 211, § 3, a petitioner must demonstrate that the alleged error or abuse could not adequately and effectively be remedied through the normal appellate process or through some other available method of review").

The single justice's decision to deny the petition for extraordinary relief was neither an abuse of discretion nor a clear error of law.

*Judgment affirmed.*

*Ruth Greenberg* for the defendant.
*Marguerite T. Grant*, Assistant District Attorney, for the Commonwealth.

---

[1]Following the denial of his G. L. c. 211, § 3, petition, Jaynes returned to the Appeals Court and has pursued his appeal in that court from its single justice's order to remove the names from the transcript. Both parties filed briefs on the matter and the Appeals Court has heard oral argument on all the consolidated appeals. They are currently under advisement.