WILLIAM A. KORDIS *vs.* SUPERINTENDENT, SOUZA BARANOWSKI CORRECTIONAL CENTER. No. 01-P-1466. May 7, 2003. *Public Records. Criminal Offender Record Information.*

William A. Kordis, the petitioner, appeals from an order of a single justice of the Appeals Court refusing to purge or impound certain material submitted to the court in determining the indigency of the petitioner. We consider this appeal pursuant to the order entered by the Supreme Judicial Court in *Kordis* v. *Appeals Ct.*, 434 Mass. 662, 669 (2001).

The petitioner is a prison inmate who filed a civil complaint in the Superior

Court complaining of certain conditions of his confinement. Summary judgment was entered for the Department of Correction (DOC) in that matter, and the petitioner appealed.

The petitioner requested that his case be docketed in the Appeals Court and filed an affidavit of indigency. The entry fee was waived based on a determination of his indigency. The DOC filed a motion to reconsider the allowance of the motion to waive the entry fee. The motion to reconsider was accompanied by a five-year history of the petitioner's prison account transactions. The DOC's motion to reconsider was allowed by the single justice and the petitioner was ordered to pay a ten dollar filing fee.

The petitioner claims that the five-year account history provided to the Appeals Court by the DOC constituted criminal offender record information (CORI), was disclosed by the DOC in violation of G. L. c. 6, §§ 167-178B, and should therefore be purged or impounded.

As part of a program to regulate the "collection, storage, access, dissemination, content, organization, and use of criminal offender record information," CORI systems and procedures were created to resolve questions of individual privacy and system security in connection with the operation of those systems, and to prevent invasions of privacy that may inhibit a defendant's rehabilitation and return to society. See G. L. c. 6, § 168; *New Bedford Standard-Times Pub. Co.* v. *Clerk of the Third Dist. Ct. of Bristol*, 377 Mass. 404, 413-414 (1979). See also *Bellin* v. *Kelley*, 435 Mass. 261, 267 (2001).

The CORI statute attempts to satisfy these competing goals by insuring that appropriate agencies may share criminal offender information while simultaneously protecting the offender's rehabilitation by shielding from public view his prior convictions, as well as records that aggregrate information concerning criminal history. See *New Bedford Standard-Times Pub. Co.* v. *Clerk of the Third Dist. Ct. of Bristol*, 377 Mass. at 414-415; *A.L.* v. *Commonwealth*, 402 Mass. 234, 243 n.10 (1988); *Apple* v. *Tracy*, 34 Mass. App. Ct. 560, 563 (1993).

The term "criminal offender record information," is defined as "records and data in any communicable form compiled by a criminal justice agency which concern an identifiable individual and relate to the nature or disposition of a criminal charge, an arrest, a pre-trial proceeding, other judicial proceedings, sentencing, incarceration, rehabilitation, or release." G. L. c. 6, § 167. We will assume without deciding that pursuant to this definition, an inmate account statement may be said to "relate to . . . incarceration," because the account would not exist but for the petitioner's status as a prisoner. Therefore, for the purpose of this analysis, the petitioner's account statement falls within the purview of the statute and is CORI material.

Access to and dissemination of CORI materials also is governed by statute. See G. L. c. 6, §§ 172-178B. The relevant portion of the statute reads "criminal offender record information . . . shall be disseminated, whether directly or through any intermediary, only to . . . criminal justice agencies. . . . The extent of such access shall be limited to that necessary for the actual performance of the criminal justice duties of criminal justice agencies." G. L. c. 6, § 172. The petitioner properly concedes that the DOC, provider of the account records, and the court, recipient of the records, are "criminal justice agencies" within the meaning of the statute. See 803 Code

Mass. Regs. 2.03. He argues instead that neither the DOC nor the court were acting within their "criminal justice duties" when they disseminated and accessed the CORI material, because the underlying complaint was civil, not criminal. This argument takes an unduly narrow view of the phrase "criminal justice duties." The petitioner's account information was disseminated in relation to a suit challenging certain conditions of confinement and was required by the court to determine the petitioner's claimed status of indigency. General Laws c. 261, § 29(*b*), requires that an inmate include in his affidavit of indigency a statement of "assets including, but not limited to . . . income received in the past six months and income expected to be received in the next six months; liabilities and monthly expenses." This is the minimum requirement to support an affidavit of indigency; no maximum is specified. We can find no authority to support the argument that a determination of indigency is limited to a six-month retrospective and six-month prospective view of the inmate's assets and liabilities. See G. L. c. 261, §§ 27 A-G, 29. See also *Longval* v. *Superior Ct. Dept. of the Trial Ct.*, 434 Mass. 718, 721-723 (2001).

The petitioner also argues that his account information must be purged or impounded in the Appeals Court because it is protected under the CORI statute and may not be disclosed to members of the general public. See G. L. c. 6, § 172. *Globe Newspaper Co.* v. *Police Commr. of Boston*, 419 Mass. 852, 856 n.6 (1995). Cf. *Antell* v. *Attorney Gen.*, 52 Mass. App. Ct. 244, 249 (2001). The court is not required to purge or impound such information based on its status as CORI material as the CORI statute imposes no such requirement.

However, by order of the Supreme Judicial Court, as required by G. L. c. 261, § 27B, the financial information contained in an affidavit of indigency, pursuant to both G. L. c. 261, § 29 (inmate), and G. L. c. 261, § 27B (non-inmate), may not, except by order of the recipient court, be disclosed to anyone other than authorized court personnel, the applicant, the applicant's counsel or anyone authorized in writing by the applicant. It is therefore incumbent upon the clerk's office to "take appropriate steps to safeguard the security and confidentiality of [such] records . . . ." S.J.C. Rule 3:12, Canon 3(A)(6), as appearing in 407 Mass. 1301 (1990).

We conclude that the receipt of the additional account information was appropriate and that neither purging nor impoundment of the inmate's financial records is required in this case. The clerk of this court, however, is responsible for ensuring that the account statements are not available to members of the public and that all such records are removed from the court's file as soon as the matter is closed.

*Order denying petitioner's motion to destroy*
*or impound records affirmed.*

*William A. Kordis*, pro se.
*William D. Salzman*, for the defendant, was present but did not argue.