Yuri Kraytsberg *vs.* Yevgenya Kraytsberg & another (No. 1).[1] May 26, 2004. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Appeal. *Appeals Court. Public Records.*

While his appeal from an order of the Newton Division of the District Court Department was pending in the Appeals Court, Yuri Kraytsberg filed a petition in the county court, pursuant to G. L. c. 211, § 3, challenging an order of a single justice of the Appeals Court that denied him access to memoranda discussing his case that were prepared by the Appeals Court's staff for its Justices. He claims that he has a right to review such memoranda and to respond to them, and that the Appeals Court's "operating procedures" should not apply to bar his access to those materials. A single justice of this court denied the petition. We affirm.

Kraytsberg is not entitled to relief for any of a number of reasons: (1) the requested materials would be of little, if any, utility to him now, given that his

---

appeal from the District Court order has been fully decided, see, e.g., *Cepulonis* v. *Superintendent, Mass. Correctional Inst., Shirley,* 437 Mass. 1012 (2002); (2) he failed to avail himself of an adequate alternative remedy, i.e., to appeal from the Appeals Court's single justice's decision to a panel of the Appeals Court, see *Kordis* v. *Appeals Court,* 434 Mass. 662, 664 (2001), citing Mass. R. A. P. 15 (c), 365 Mass. 859 (1974); (3) we fully agree with the conclusion of the single justice of this court that the petitioner "failed to show how the operating procedures of the Appeals Court are facially unconstitutional, or unconstitutional as applied to his case"; and (4) the Appeals Court's internal memoranda are not public records, see *Ottaway Newspapers, Inc.* v. *Appeals Court,* 372 Mass. 539, 546 (1977).

*Judgment affirmed.*

*Yuri Kraytsberg,* pro se.