NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11976


KYL V. MYRICK  vs.  HARVARD UNIVERSITY.


March 15, 2016.


Supreme Judicial Court, Superintendence of inferior courts.
     Appeals Court.  Practice, Civil, Stay of proceedings.


     Kyl V. Myrick appeals from a judgment of a single justice of this court that denied relief from a ruling of a single justice of the Appeals Court in a case that is currently pending in the Appeals Court.  We affirm.

     The case originated in the Superior Court when Myrick filed a complaint against Harvard University alleging employment discrimination.  A judge in the Superior Court dismissed the complaint on Harvard's motion and denied Myrick's subsequent attempts to reinstate the case.  Myrick appealed to the Appeals Court and, while his appeal was pending, moved to stay the appeal so that he could file a new complaint and seek additional discovery in the underlying action in the Superior Court.  A single justice of the Appeals Court declined to stay the appeal. Myrick then requested that a single justice of this court grant relief from the Appeals Court single justice's order by either staying the appeal in the Appeals Court or remanding the entire matter to the Superior Court.

     On the day this appeal was entered in the full court, Myrick filed a two-page memorandum and an appendix of material from the record in the county court.  It appears that he filed these things in an attempt to comply with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  That rule does not apply here, however.  It applies to cases in which a single justice of this court "denies relief from an interlocutory ruling in the trial court."  Id.  Here the single justice denied relief from an

order of a single justice of the Appeals Court in an appeal that is pending there.

That said, we have reviewed Myrick's submission and the entire record that was before the single justice in the county court, and it is apparent that the single justice neither erred nor abused her discretion by denying Myrick's request for relief. Once the Appeals Court single justice denied Myrick's request for a stay, Myrick could have sought review of that ruling from a panel of the Appeals Court, see Kordis v. Appeals Court, 434 Mass. 662 (2001), but did not do so. It was unnecessary, and it would have been especially inappropriate on this record, for a single justice of this court to intervene at that juncture in what was a routine Appeals Court matter. The question whether to stay an appeal in the Appeals Court is quintessentially something for the Appeals Court and its single justices to decide and, barring truly exceptional circumstances which are not present here, not something that requires the extraordinary intervention of this court.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Kyl V. Myrick, pro se.