The plaintiff, Deanna Shine, appeals from the March, 2018, orders of a Probate and Family Court judge, denying her leave to file a complaint for contempt and a complaint for modification.[2] With regard to the complaint for contempt, the judge stated, "vis a vis the operative Judgment, the Complaint for Contempt cannot be sustained." With regard to the complaint for modification, the judge stated, "vis a vis the underlying Judgment of August 9, 2011, the complaint [for modification] does not state a claim upon which relief can be granted. Moreover, it does not comport w[ith] requirements of Rule 8 (a) of Dom. Rel. Procedure." The plaintiff's failure to provide this court with either proposed complaint is fatal to her appeal. The "burden is on the appellant to provide [the appellate] court with an appendix sufficient to support its points on appeal." Burda v. Spencer, 28 Mass. App. Ct. 685, 688 (1990). See Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 811 (1992). Moreover, although Shine asserts that her due process, Fifth Amendment to the United States Constitution, and Fourteenth Amendment to the United States Constitution rights were violated, she does not articulate a legal basis for her assertion. To the contrary, she acknowledges that her motions for leave to file the complaints were each denied after a hearing and apparently in view of the proposed complaints she has failed to provide to this court. Accordingly, her brief fails to rise to the level of appellate argument. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). See also Commonwealth v. Gray, 423 Mass. 293, 296-297 (1996) (stating claims of error not supported by reasoned arguments or citations do not rise to level of required appellate advocacy); Commonwealth v. Bowie, 25 Mass. App. Ct. 70, 74 (1987) (asserting argument in brief not supported by facts from record does not rise to level of adequate appellate argument). Because she has not sustained her burden on appeal, we affirm.
Orders denying leave to file complaints affirmed.

Shine also refers to a January, 2018, order denying her the same relief. Her notice of appeal is untimely as to this order, which in any event is not identified in her notice of appeal.