Lauriat, J.
Sharay M. Howard (“Howard") brought this negligence action against the North Cambridge Health Center (“Center”) for injuries sustained during an operation on May 26, 2000. The Center has now moved to dismiss Howard’s complaint for failure to comply with the presentment requirements of G.L.c. 258, §4. For the reasons set forth below, the Center’s motion to dismiss is allowed.
BACKGROUND
The facts are summarized as they appear in Howard’s complaint, with all reasonable inferences construed in her favor at this stage of the litigation.
Howard alleges that she was burned due to negligent care while being treated at the Center on May 26, 2000. On July 31, 2000 and August 18, 2000, Howard’s attorney sent letters addressed to the Center, stating that he was representing Howard and asking that the letters be forwarded to the Center’s insurance carrier. On August 30, 2000, Elizabeth Cushing (“Cushing”) from the Risk Management Foundation (“RMF”), wrote a letter to Howard’s attorney advising him that she was the RMF claim representative assigned to the matter. On November 13, 2000, Cushing sent another letter to Howard’s attorney acknowledgingreceipt ofHoward’s medical records and asking to look at Howard’s burns either in person or through photographs. The letter also raised the possibility that Howard’s burns may have been the result of Howard’s own negligence. Howard’s attorney replied to Cushing, on November 20, 2000, disputing her assertion that Howard was comparativefynegligent.
On November 29, 2000, Howard’s attorney sent letters to the Treasurer, Clerk, and Mayor of the Ciiy of Cambridge, as well as the manager of the Center, notifying them of Howard’s claim against the Center. On December 19, 2000, Cushing sent another letter to Howard’s attorney expressing willingness to evaluate Howard’s claim if she were able to view Howard’s injury. Cushing also requested the name of Howard’s treating psychologist and a signed release for Cushing to obtain copies of the psychologist’s records. Howard’s attorney replied, on January 2, 2001, that if Cushing wanted to have Howard evaluated by a plastic surgeon, she should contact him with the names of possible physicians.
On February 13, 2001, Cushing replied in writing that she would review Howard’s claim when Howard’s attorney gave her evidence of Howard’s bums and mental anguish. On April 4, 2001, Howard’s attorney left a voice-mail message for Cushing. The next day, Cushing responded in writing to the voice-mail message by stating that she could not consider Howard’s claim until Howard provided further evidence of her injury. Cushing also noted that all future communications regarding Howard’s claim should be forwarded to another claim manager.
On June 12, 2003, Howard’s attorney filed the present action in the Middlesex County Superior Court. In response to the Complaint, RMF sent a letter on June 23, 2003 to Howard’s attorney notifying him that the matter had been referred to outside counsel. On August 19, 2003, an attorney representing the Center informed Howard’s attorney that the Center was operated by the Cambridge Public Health Commission (“Commission”). The attorney requested that Howard’s counsel forward him any proof of service on the Commission as required by G.L.c. 258, §4.
The Center has now moved to dismiss Howard’s complaint on the ground that she failed to comply with the presentment requirements of G.L.c. 258, §4.
DISCUSSION
A motion to dismiss under Mass.R.Civ.P. 12(b)(6) tests the legal sufficiency of the complaint. A motion to dismiss for failure to state a claim should only be granted if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Gen. Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992). The court must accept the allegations made in *406 the plaintiffs complaint as true, as well as any reasonable inferences that may be drawn therefrom. Eyed v. Helen Broad. Corp., 411 Mass. 426, 429 (1991); Nader v. Citron, 372 Mass. 96, 98 (1977).
In evaluating the plaintiffs complaint, “the court is not to consider the unlikelihood of the plaintiffs ability to produce evidence to support otherwise legally sufficient complaint allegations, . . . however improbable appear the facts alleged, . . . and ‘notwithstanding expressions of denial and incredulousness as to ultimate proof by the defendants.’ ” Brum v. Dartmouth, 44 Mass.App.Ct. 318, 322 (1998) (citations omitted), rev’d on other grounds, 428 Mass. 684 (1999). Thus, a complaint should not be dismissed for failure to state a claim unless “on the face of the complaint, it is unmistakable that the plaintiff can prove no facts in support of a tenable legal claim.” Disend v. Meadowbrook Sch., 33 Mass.App.Ct. 674, 676 (1992).
I.
The presentment requirement is a statutory condition precedent to recovery under G.L.c. 258. Vasys v. Metro. Dist. Comm'n, 387 Mass. 51, 55 (1982). The requirement is ordinarily strictly applied. Weaver v. Commonwealth, 387 Mass. 43, 45-49 (1982); Krasnow v. Allen, 29 Mass.App.Ct. 562, 566-67 (1990). However, the “unusual circumstances” of a case may raise a factual issue as to whether a defendant may properly raise defective presentment as a defense. Moran v. Mashpee, 17 Mass.App.Ct. 679, 681 (1984). Considerations of fairness may also dictate that a defendant be barred, as a matter of law, from raising a presentment defense. Vasys, 387 Mass, at 57. This is particularly true where a defendant’s actions '“lulled a plaintiff into believing that proper presentment would not be an issue in the case.” Krasnow, 29 Mass.App.Ct. at 567 n.7. Where the defendant knew or should have known that the plaintiff made a defective presentment, but did not inform the plaintiff, the defendant should not be able to raise this defense. G&B Assocs. v. Springfield, 39 Mass.App.Ct. 51, 55 (1995).
II.
Howard did not present her claim to the proper person, because she failed to present her claim to the chief executive officer of the Commission within two years after the date ofherinjuiy. See G.L.c. 258, §4. Pursuant to G.L.c. 258, §4, “A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose.” (Emphasis added.) The Center is operated by the Commission, a public instrumentality created by the legislature pursuant to Chapter 147 of the Acts of 1996 (“the Enabling Act”). As a public instrumentality, claims against the Commission must be presented to the chief executive officer of the Commission, because the Enabling Act specifically states that the Commission is a public employer for the purposes of G.L.c. 258. St. 1996, c. 147, §8(11) (The commission has the power “to sue and be sued, to prosecute and defend actions relating to its properties and affairs and to be liable in tort as a public employer[1] as defined in section one of chapter two hundred and fifly-eight of the General Laws”) (footnote added).
Howard claims that under G.L.c. 258, §4(2)[2] her presentment was proper because her action is against a municipality, and she served notice on the Mayor, Clerk, and Treasurer of Cambridge as allowed under the statute. However, contrary to Howard’s allegations, the Commission is a separate public employer from Cambridge. The relationship between Cambridge and the Commission is purely contractual. St. 1996, c. 147, §7(b). Under the Enabling Act, Cambridge enters into a contract with the Commission, not to exceed seven years, for the provision of health services. Id. The contract may be terminated by the city if the Commission does not adequately provide for the public health needs of the city and it may also be “amended, renewed or extended by agreement of the city and commission.” Id.
The Commission for all intents and purposes is autonomous from the city. The Enabling Act grants the powers of the Commission to a nineteen-member board with the chief executive officer as its head. St. 1996, c. 147, §4(b). The chief executive officer administers the affairs of the Commission including matters relating to contracting, procurement, and personnel. St. 1996, c. 147, §5(a). Furthermore, the Commission has the power to adopt its own by-laws, to invest the money under its control, and establish its own fiscal year. St. 1996, c. 147, §8(1), (4), (6).
Therefore, in this case, proper presentment pursuant to G.L.c. 258, §4, must be made on the chief executive officer of the Commission because of the specific language in the Enabling Act and the independent nature of the Commission. Because Howard failed to present her claim to the chief executive officer of the Commission, she failed to comply with the presentment requirements of G.L.c. 258, §4.
III.
As a result of her defective presentment, the only way that Howard can satisfy the requirements of G.L.c. 258, §4 is if the Center “lulled [her] into believing that proper presentment would not be an issue in the case.” See Krasnow, 29 Mass.App.Ct. at 567 n.7. If that happened, the Center would be barred from raising the presentment defense as a matter of law. See Vasys, 387 Mass, at 57.
For a defendant to “lull” a plaintiff into believing presentment is not an issue, the defendant must affirmatively indicate in writing that the presentment *407 requirement has been met. See Lopez v. Lynn Hous. Auth., 440 Mass. 1029, 1029-31 (2003); Vasys, 387 Mass, at 53-57; Moran, 17 Mass.App.Ct. at 681. The “lull” standard is “essentially an application of the principle that a litigant cannot assume inconsistent and contradictory positions.” Holahan v. Medford, 394 Mass. 186, 190 (1985) (internal quotations omitted).
For instance, in Vasys, the plaintiff was injured on a skating rink operated by the Metropolitan District Commission (“MDC”). 387 Mass, at 52. The proper official on whom to serve notice of the claim was the Secretary of the Executive Office of Environmental Affairs of the Commonwealth, but the plaintiff filed a complaint directly against the MDC. Id. at 53. In the MDC’s answer, it made no defense of defective presentment. Id. Subsequently, the plaintiff served interrogatories on the MDC asking whether the MDC had received written notice of the claim and if that notice was defective. Id. The MDC stated in its answers to interrogatories that it had received notice, and that the notice was not defective. Id. The court held that the defendant was barred from raising the issue of defective presentment because of its affirmative representation to the contrary. Id. at 57.
No such affirmative representations as to the validity of Howard’s presentment were made in this case. Neither the Center, nor RMF, nor Cambridge communicated to Howard that her notice was “not defective!.]” See Vasys, 387 Mass, at 53. On the contrary, the Center’s answer specifically asserts as its fifth defense “that the Plaintiff has failed to comply with the provisions of General Laws Chapter 258, and is therefore barred from commencing and/or continuing said complaint.” There is nothing in the case law that indicates a public employer’s insurer must tell the plaintiffs upon whom she should serve her claim in order to comply with the presentment requirements of G.L.c. 258, §4. Howard can “point[ ] to no promise to waive the presentment requirement of G.L.c. 258, nor to any affirmative waiver of that defense.” Holahan, 394 Mass, at 191. Therefore, the Center did not lull Howard into believing that presentment was not an issue, and the Center is allowed to raise the presentment defense.
IV.
Howard argues that her case is like Lopez v. Lynn Hous. Auth., 440 Mass. 1029 (2003), where the court found that the plaintiff could proceed with his claim against the Lynn Housing Authority (“Authority”), even though he did not present his claim to the proper person, because the “purposes underlying the presentment requirement [were] satisfied . . .” 440 Mass, at 1031. In that case, the plaintiff brought a negligence claim against the Authority. Id. at 1029. Instead of presenting his claim to the executive director of the Authority, the plaintiffs attorney sent letters, describing the claim, addressed generically to the Authority. Id. About four months after the plaintiff sent the letter, he received a letter from the executive director of the Authority acknowledging receipt of the plaintiffs letter and stating that the plaintiffs claim had been investigated, evaluated, and denied. Id. The court found that the executive officer of the Authority had been given the opportunity “to investigate the circumstances surrounding the claim in order to determine whether an offer of settlement should be made,” and thus it would serve no purpose to bar the plaintiffs claim. See id.
There is no indication in this case, as there was in Lopez, that “the claim was ultimately received in writing and acted upon by the appropriate executive officer.” Id. at 1031. Howard sent a letter addressed to North Cambridge Health Center and asked that it be forwarded to the hospital insurer. RV1F, the hospital’s insurer, then proceeded to correspond with Howard’s counsel regarding Howard’s claim by asking to examine her injuries. Over a period of eight months, Cushing, the claims representative at RMF, sent Howard’s counsel five letters requesting some physical evidence of her injury. Howard refused to cooperate with RMF; as a result, Cushing specifically stated that she would no longer consider the claim. There is no evidence that the chief executive officer of the Commission was ever notified of the claim. See id. Accordingly, Howard has not fulfilled the purposes underlying presentment and her claim will not be allowed to proceed because of defective presentment.
ORDER
For the foregoing reasons, the Motion of the Defendant, North Cambridge Health Center, to Dismiss the Plaintiffs Complaint is ALLOWED.

A public employer under G.L.c. 258, §1 includes, “the commonwealth and any county, city, town, educational collaborative, or district, including any public health district or joint district or regional health district or regional health board established pursuant to the provisions of section twenty-seven A or twenty-seven B of chapter one hundred eleven, and any department, office, commission, committee, council, board, division, bureau, institution ... which exercises direction and control over the public employee ...”

Paragraph two of G.L.c. 258, §4 states, “Notwithstanding the provisions of the proceeding paragraph, in the case of a city or town, presentment of a claim pursuant to this section shall be deemed sufficient if presented to any of the following: mayor, city manager, town manager, corporation counsel, city solicitor, town counsel, city clerk, town clerk, chairman of the board of selectmen, or executive secretary of the board of selectmen . . .”